Tayior, Chief-Justice,
 

 delivered Hie opinion of the Court:
 

 The Defendant pleaded a set-off to an action of assump-sit, and supported it by his book, which contained an account against the Plaintiff, the items of which he proved by his own oath. The Plaintiff offered witnesses to prove that the Defendant was a man unworthy of belief when on oath j but the Court refused to receive them, and a verdict was found for the Defendant. This appeal is brought up by the Plaintiff, on account of the rejection of these witnesses. The act of 1756, ch. 4, forms an important exception to the rule of the common law, which prohibits a party from being a witness in his own cause : and considering the danger of the exception, and the temptation it offers to fraud and perjury, the privilege ought not to be extended further than the -words of the act warrant. It is in restraint of the common law, and ought to be construed strictly.-
 
 *
 
 According to the terms of the act, the book shall be given in evidence, if the party
 
 make out by his own oath or affirmation,
 
 that it contains a true account of all the dealings, or the last settlement of accounts between the paidies, and that all the articles therein contained, and by him
 
 so proved,
 
 were
 
 boma fide
 
 delivered.
 
 To make out by his oath,
 
 and
 
 to prove,
 
 are here used as synonimous terms, and they are clearly so, in the common use and acceptation of language. Now it is a rule, that when a statute makes use of a word, the meaning of which was well ascertained at common law, the word shall be understood in the same sense it was at common law.f
 
 To prove
 
 a fact, signifies not merely to swear to it, but to establish its truth by a credible witness. When the act allows the party to be sworn as a witness, it only removed his incompetence, and
 
 *316
 
 was directory to the Court to admit liim : But when it re(lu’res him to prove or make out certain facts by his oath, it leaves bis credibility open to be enquired into by a jury< Even as to bis competency, the statute cannot be understood to extricate the party from any other disqualification than that created by his interest: it leaves him exposed to all other existing exceptions. Shall a party be permitted to swear to a book debt, who wants understanding ? Or who has been convicted of an infamous offence ? Yet the same reasoning which is employed to shew that the Jury are bound to believe a party admitted under this act, tends equally to prove that the Court is bound to receive his testimony under all circumstances. It is a salutary rule of construction, that where the provision of a statute is general, it is subject to the control and order of the common law.
 
 †
 
 If a person is allowed by a statute to be a witness, who was inadmissible at common law, he becomes at once affected by all the rules and principles which appertain to that character. If the statute removes one disability, all others remain in full force and application. The unavoidable consequence of excluding proof of the character of a witness is, that the Jury are bound to believe him ; are not at liberty to weigh Ms evidence ,
 
 *
 
 and are depi’ived of those means of judging of its truth, which are supposed to be connected with a
 
 viva voce
 
 examination, arising from the witness’ manner and behaviour, and his mode of giving evidence. What is this but to take from the Jury their peculiar attribute of judging of the credibility, and setting up a speaking automaton, a mere machine, whose utterance of certain sounds shall compel them to overwhelm the opposite party with injustice ? A verdict founded upon the testimony of a witness who is destitute of all moral and religious obligation, and strongly tempted by interest to give to polluted principles the most mischievous operation, if it be not called a perversion of justice, must want a designation. The law could never intend so great an incon
 
 *317
 
 gruity, as that a witness, whose testimony would not be believed, when given in the case of others, should in his own, receive implicit credence: That infamy alone shall disqualify him, but when interest is superadded to infamy, it shall restore him : That in one case he is'sworn, in order that the Jury, by estimating what degree of credit he is entitled to, may ascertain the truth of facts : In the other he is sworn, that the Jury may find a verdict in his favor, without caring or enquiring, whether his evidence be true or false.
 

 By the act, the book is also made evidence, if supported by the oath of the party, nor is it competent for the Jury to judge of the credibility of the book, if they cannot do so with respect to the party, for they both stand upon the same footing. But the Court is of opinion, that both are governed by the common law principles of evidence. The book may be incompetent, if it appear1 to the Court cither that the matter in dispute is not a book account, or that the party hath other means of proving a delivery of the articles, than by his own oath j or that it doth not contain a true account of all the dealings between the parties, or the last settlement of accounts, or, in short, for the want of any of those circumstances which must be established, before the book, by the terms of the act, is admissible in
 
 evidence;
 
 and when admitted, its ci’edibility is to be weighed by the Jury. Books may exhibit, on their face, material and gross alterations, fraudulent appearances and circumstances, suspicious entries, and various exceptions, which it would be impossible to enumerate. The Jury are to consider whether, under all its aspects, it be entitled to their belief.
 

 It is therefore ordered that a new trial be granted, and that upon the trial, the Plaintiff be permitted to adduce proof that the Defendant is unworthy of belief when on oath.
 

 *
 

 2 Inst. 455.
 

 †
 

 6 Mod. 143.
 

 *
 

 1 Show, 455.