JACOB HULSE v. WILLIAM BRANTLEY et al.

*Burden of Proof—Trespass quare clausum—Appeal.*

1. In an action for trespass *quare clausum fregit*, the burden is upon the plaintiff to prove title or actual possession of the *locus in quo*.

2. The burden is on the appellant to show that he was prejudiced by an erroneous instruction to the jury.

CIVIL ACTION, tried at February Term, 1891, of BEAUFORT Superior Court, *Bryan, J.*, presiding.

This was an action of trespass *quare clausum fregit*. The plaintiff alleged that he was, on the first day of November, 1888, in the rightful possession of the *locus in quo;* "that on said day, and on various occasions between that day and the beginning of this action, and while the plaintiff was in the lawful adverse possession of said land, the said defendants unlawfully and forcibly broke and entered upon the plaintiff's land" and committed the trespass complained of, etc.

The defendants broadly denied that they cut timber or trespassed otherwise on the plaintiff's land; they admitted that they entered upon a part of the land described in the complaint, "but deny that the plaintiff has any right, title or interest in the land whereon they have entered"; they allege that they have "been in the actual, exclusive and notorious possession twenty-five years under known and visible boundaries as shown by deed," etc ; that the plaintiff has trespassed on their lands, etc.

On the trial the Court submitted this issue to the jury, and it was responded to in the negative—

1. "Was the plaintiff in possession of the land described in the complaint at the time of the alleged trespass?"

The plaintiff put in evidence a deed from Thomas H. Brantley and his wife to him, dated the 13th day of January, 1886; and a deed from Bryan Whitford to said Brant-

ley, dated March 26th, 1861, and both these deeds embraced the land described in the complaint. He further produced evidence tending to prove that he had possession of this land. It did not appear that the title to the land was out of the State.

The defendants put in evidence several deeds, but these deeds were not made to them or any of them. They also introduced evidence tending to prove that they were in the actual possession of the *locus in quo* at the time specified in the complaint, and ever since, and many years before that time.

At the close of the testimony, the plaintiff moved for judgment upon the ground that the evidence produced by the defendants was not sufficient to rebut that of the plaintiff, and if true they had offered no deed to themselves embracing any part of the land claimed by him.

The Court denied the motion, and the plaintiff excepted.

The Court gave the following, among other instructions to the jury:

1. Actual possession of land consists in exercising that dominion over it and making that profit from it of which it is susceptible in its present state, but these must be characteristic of ownership, and they will not be sufficient if they are done at such long intervals and are consistent with the character of a trespasser.

2. In this case the burden is upon the plaintiff to satisfy you that he was in possession of the land; these issues are to be decided according to the weight of the testimony, and not from caprice, whims, or upon speculation.

The plaintiff excepted.

The plaintiff moved for a new trial, upon the ground that there was no evidence to go to the jury to prove the actual possession of the defendants of the *locus in quo*. Judgment for defendants. Plaintiff appealed.

No counsel for plaintiff.

*Mr. W. B. Rodman* (by brief), for defendants.

MERRIMON, C. J.— after stating the case: It did not appear on the trial that the title to the land in controversy ever passed from the State by grant or otherwise. So that, in any view of the evidence, the plaintiff failed to show title in himself thereto by proving color of title and actual possession within known and visible boundaries for seven years. He produced evidence tending to show that he and the person under whom he claimed exercised control over and did acts of ownership on the land embraced in the *locus in quo*, by cutting timber and otherwise at intervals before the time of the alleged trespass. It might, however, be well insisted that the evidence taken as true did not prove that he then or at any time had actual or, indeed, any possession. The evidence tending to prove actual possession was meagre and not satisfactory, and he failed to show any title by conveyance. *Ruffin* v. *Overby*, 105 N. C., 78. There was evidence, though not very definite and full, tending to prove that the defendants had actual possession of the *locus in quo* at the time of, long before, and ever since the alleged trespass. One witness testified, among other things, that "William Brantley and his wife and Lewis, the defendants, are now in possession of the land. I don't know when Mrs. Brantley took possession. I think it was during the war, as she and her family have been there ever since." There was other evidence tending more or less strongly to prove such possession.

There was clearly evidence of the defendants to go to the jury to prove that the plaintiff did not have the possession of the *locus in quo* at the time of the alleged trespass or at any time, and that the defendants then and long before that time had actual possession thereof, and it was the province of the jury to determine its weight. If they had such possession, and the plaintiff failed to show title in himself or possession,

it was not necessary that the defendants should show title otherwise, or any deed, as contended.

The whole charge of the Court to the jury is not before us, and we cannot see the precise bearing and application of the instructions complained of by the appellant. The first one is not precise, and perhaps not entirely accurate in all respects, but in view of the evidence we cannot see that the plaintiff suffered prejudice from it. The burden is on him to show that he did. The second one is not objectionable. The plaintiff alleged that he had possession, and this the defendant denied. The burden was on the former to prove his material allegation thus put in issue. The latter clause of this instruction was cautionary, and not misleading or confusing to the jury. It does not so appear.

Affirmed.