*HEATH, SPRINGS & CO. v. BIG FALLS COTTON MILLS.

*Corporation Deed—Execution—Registration—Certificate of Probate—Omission of Seal from Record.*

1. When a deed of a corporation is signed in the name of the corporation by its President, Vice-President, Secretary and Treasurer, who constituted all the stockholders, directors and officers of the corporation, and the corporate seal is affixed to it, it is properly executed as a common law deed.

2. A certificate by the Clerk of the Superior Court that the officers of the corporation who signed the deed " acknowledged the due execution of the annexed instrument for the purpose therein set forth," was sufficient to warrant the registration of the deed.

3. Where an instrument which the law requires to be sealed is in all respects correctly recorded, except that the record does not show a copy of the seal or any device representing it, the record will nevertheless be valid and sufficient as notice, provided the record represents on its face in another way, as by recitals or otherwise, that the instrument was sealed, and it was in fact duly sealed.

4. Debts contracted by a cotton mill company for cotton, flour and other like materials, which do not attach to the freehold or permanently improve the property of the corporation, are not entitled to priority over a mortgage debt under the provisions of section 1255 of *The Code.*

*BURWELL, J. did not sit on the hearing of this case.

CIVIL ACTION, in the nature of a creditor's bill, heard before *Hoke, J.,* at Spring Term, 1894, of Alamance Superior Court.

The following facts were agreed upon by the parties to be taken in connection with the undisputed facts contained in the pleadings, and all issues of law arising between the parties upon the facts were submitted to the Court:

1. That the Big Falls Cotton Mills was duly incorporated in the year 1887, in the county of Alamance, before the, Clerk of the Superior Court, and on the 25th day of July, 1888, an amendment to the charter of the corporation was granted by the said Clerk, and on the 3d day of March 1893, an act entitled " An act to declare Big Falls Cotton Mills a duly incorporated company and to amend and enlarge its charter," was passed by the Legislature of North Carolina, the same being chapter 210 of the Private Laws of 1893, which is hereby referred to and made a part of this statement of facts.

2. That the incorporators and sole stockholders and directors of the Big Falls Cotton Mills, at the time of its incorporation and organization and the execution and probate of the mortgage hereinafter referred to to James E. Mitchell, were James V. Pomeroy, who was at said time President; Peter R. Harden, who was Vice-President, and Junius H. Harden, who was at said times Secretary and Treasurer.

3. That on the 16th day of August, 1888, the corporation executed to James E. Mitchell, of Philadelphia, a mortgage deed, a copy of which is hereto attached, marked " A," signed by Big Falls Cotton Mills, James V. Pomeroy, President; Junius H. Harden, Secretary and Treasurer, and P. R. Harden, Vice-President; and the corporate seal was properly attached at the time of the execution of the mortgage by Junius H. Harden, the Secretary and Treasury, in the presence and by the direction of the President and all the stockholders and officers of the corporation.

4. That the said mortage was authorized to be executed by resolutions adopted at a regular meeting of the stockholders and directors of the corporation, all the stockholders and directors being present at the time.

5. That on the 31st day of August, 1888, the said mortgage deed was acknowledged and probated and recorded in the office of the Register of Deeds of Alamance County in Book No. 10, pages 87 to 91, inclusive, said registration being on the same day of the probate, to which book of registry reference is hereby made as a part of the facts of this case.

6. That at the time of the registration of said mortgage deed the Register of Deeds omitted to indicate the seal of the corporation upon his registry, through inadvertence or because of the fact that it was not the custom of himself or his predecessors in office to indicate or attempt to indicate or describe upon the record any corporate seal affixed to deeds registered in Alamance County.

7. That the mortgagee, James E. Mitchell, is a resident of the city of Philadelphia, Pennsylvania, and had no knowledge of the omission of the seal by the Register of Deeds until after the commencement of this action, and that upon learning of the omission he took steps to have the error or omission corrected, and the same was corrected, as appears in the decree in the special proceedings to correct the said error or omission, which decree is hereby referred to as a part of this case, and the Register of Deeds, in obedience to the said decree, has corrected the error or omission by indicating the seal on the record as appears from the Book No. 10 heretofore referred to.

8. That after the mortgage deed was executed and registered as aforesaid, it was sent by the corporation to the mortgagee, Mitchell, and the mortgage, when received by him had upon it the common corporate seal of the corporation, and the certificates of probate and registration as now appears, and the said mortgagee thereupon sent to the corporation the

sum therein named, to-wit, twenty-five thousand dollars as a loan.

9. That the debts due the plaintiffs, Heath, Springs & Co., Pool & Moring, Ed. H. Lee & Co., and the Granite Manufacturing Company, by the Big Falls Cotton Mills, are just and true and are for the amounts found in the report of the referees filed in this cause, and the consideration of said claims or debts is cotton and flour sold and delivered to the corporation by said plaintiffs; the dates at which they were contracted, and the form and manner in which they are evidenced, are set forth in the pleadings filed in this cause.

10. The corporate powers of the Big Falls Cotton Mills are as set forth in the articles of incorporation and the charters of the Clerk of the Superior Court of Alamance County, and the act of the Legislature amending and enlarging said charters, heretofore referred to.

11. That Heath, Springs & Co. are bankers and cotton buyers, residing and doing business in the State of South Carolina ; Pool & Moring are merchants and cotton buyers of Raleigh, N. C.; that Ed. H. Lee & Co. are cotton buyers of Raleigh, N. C.; the Granite Manufacturing Company is a manufacturing corporation of Alamance County, N. C.

12. That the mortgage of James E. Mitchell, heretofore referred to, for twenty-five thousand dollars has not been paid, but the whole thereof is justly due, with interest from the 16th day of February, 1893.

His Honor rendered the following judgment:

" This cause coming on to be heard, and it appearing to the Court that at March Term, 1894, the receivers, B. D. Springs and J. A. Long, filed their report, setting forth all the claims found and ascertained to be due by the Big Falls Cotton Mills, and that they also filed at this term a supplemental report as to the claims of J. A. Mitchell & Co. and Pool & Moring, and no exception being taken to said reports, it is, on motion, ordered and adjudged by the Court that the said

reports be, in all respects, confirmed. And this cause now coming on to be heard at this term of the Court, upon the pleadings, reports of the receivers and the facts agreed, hereto attached and marked 'Exhibit No. I,' and the same, upon agreement, being fully considered by the Court, it is ordered and adjudged that the mortgage deed executed to James E. Mitchell & Co. is a valid and subsisting mortgage as executed, probated and recorded, and is a prior lien upon the fund produced by the sales heretofore ordered and entitled to be paid in full out of the same in piority to all other creditors, and is hereby directed to be paid by the receivers out of the first moneys in their hands.

" It is further considered and adjudged that the debts of the Granite Manufacturing Company, Heath, Springs & Co., Pool & Moring and Ed. H. Lee & Co., arising from cotton and flour sold and delivered to the Big Falls Cotton Mills, and more fully described in 'Exhibit No. I,' are not, by reason of said claims being for the articles mentioned in said 'Exhibit No. I,' a prior lien to the mortgage of James E. Mitchell & Co., hereinbefore mentioned, nor as against the claims of the other creditors in this action.

" It is further ordered by the Court, all parties consenting thereto, that the receivers proceed to pay out, at once, *pro rata* among all the creditors of the Big Falls Cotton Mills, as per reports of receivers and referees, the money now on hand or due, saving and preserving, however, enough of said money in their hands to meet and discharge whatever balance may be found to be due to Ed. H. Lee & Co. and James E. Mitchell & Co. on their debts upon which they claim priority, in case the priority claimed by them shall hereafter be established.

" This order is in no way to prejudice the claims of Ed. H. Lee & Co. and James E. Mitchell & Co. for which they claim priority, nor is it to extend to those creditors, to-wit, the operatives of Big Falls Cotton Mills, whose claims have, by

another order made in this cause at this term of the Court, been ordered to be paid in full. This cause is retained for further orders and directions."

From so much of the above order as declares the mortgage of James E. Mitchell & Co. a valid and subsisting mortgage and to be properly and according to law executed, probated and recorded, and to constitute a first lien upon the property, assets and effects of the Big Falls Cotton Mills, and directs payment thereof in full, the creditors of the said Big Falls Cotton Mills, who made themselves parties to the action, other than James E. Mitchell & Co., excepted. Exception overruled. The creditors above mentioned appealed.

*Messrs. Haywood & Haywood,* for plaintiffs (appellants).
*Messrs. L. M. Scott* and *W. P. Bynum, Jr.,* for defendants.

SHEPHERD, C. J.: The question presented in the exception of the appellants is whether the mortgage deed to J. E. Mitchell & Co. has been properly executed, probated and registered so as to give the note secured therein priority over the claims of the excepting creditors. The deed is signed in the name of the corporation by its President, Vice-President, Secretary and Treasurer, who constitute all the stockholders, directors and officers of the corporation, and the corporate seal is affixed to it, as appears by the profert of the original deed on the trial, as. well as from the fact agreed. We are of the opinion that it is properly executed as a common law deed. *Bason* v. *Mining Co.,* 90 N. C., 417. We are also of the opinion that the certificate of the Clerk was sufficient to warrant the registration of the same. *Quinnerly* v. *Quinnerly,* 114 N. C., 145.

It is earnestly insisted, however, that the omission of the Register to copy the seal on his book destroys the efficacy of the registration as constructive notice of the said mortgage. Very respectable authorities, which accord with our concep-

tion of the true principle, sustain the position that if the attestation clause recites that the deed was signed and sealed, it will be presumed that the original deed was sealed. " Where an instrument, which the law requires to be sealed, is in all respects correctly recorded, except that the record does not show a copy of the seal, or any device representing it, the record will nevertheless be valid and sufficient as notice, provided the record represents on its face, in any other way, as by recitals or otherwise, that the instrument was sealed, and it was in fact duly sealed." *Beardsley* v. *Day*, 55 N. W. Reporter, 46 (Minnesota case). To the same effect is 1 Jones on Mort., 493.

This view is fully supported by the case of *Aycock* v. *Railroad*, 89 N. C., 323. A similar objection was made to the introduction of certain grants, but as it appeared from the attestation clause that the seal was affixed, the objection was overruled. The Court said: " It thus affirmatively appears that the grants were issued under the great seal, and this is shown in the registration. As the purpose of requiring registration is to give notice of the terms of the deed, and this is fully accomplished in the registry, we can see no reason why some scroll or attempted imitation of the form of the seal should be required in addition to the words spoken in the grant. The registry furnishes all the information that could be derived from an examination of the original, as both utter one and the same language."

His Honor was also correct in his ruling that the debts of the plaintiffs and others arising from cotton and flour sold and delivered to the defendant are not entitled to priority over the said mortgage. *Antietam Paper Co.* v. *Publishing Co.*, at this term.

Upon a careful inspection of the whole record, we are unable to find any reason to disturb the judgment of the Court below.

Affirmed.