J. M. PATTERSON v. R. A. GALLIHER.

(Decided April 5, 1898.)

*Action to Recover Land—Sheriff's Deed Under Sale for Taxes—Tax Deed—Seal—Equity—Pleading—Harmless Error.*

1. Under the common law, and always in this State (excepting between the 7th March, 1879, and 5th March, 1881, in consequence of Chapter 142, Acts of 1879,) a seal has been held to be absolutely indispensable to the validity of a deed in which is conveyed a greater estate in lands than three years.

2. Section 65 of Chapter 119, Acts of 1895, requiring the attestation clause of a sheriff's deed for land sold for taxes to be in form as follows: "Given under my hand and seal this —— day of ——, A. D. ——. ——, Sheriff," does not dispense with the necessity for a seal.

3. The failure of the sheriff to affix a seal to a deed for land sold for taxes is not an irregularity which can be cured by Section 74, Chapter 119, Acts of 1895.

4. Where a pretended deed for land sold for taxes is invalid for want of a seal, it is not incumbent on one claiming against it to prove that the property covered by it was not subject to taxation for the years named in the deed, or that the taxes had been paid before the sale. (*Moore* v. *Byrd*, 118 N. C., 688, distinguished).

5. It is not allowable to a defendant in the trial of an action to recover land to prove an equitable interest for the amount bid for the land at a tax sale, as evidenced by an invalid deed of the sheriff, where he did not set up such equity in his answer.

6. The refusal to permit a defendant claiming land under a void deed to introduce it in evidence on the trial of an action to recover the land was harmless error.

CIVIL ACTION to recover land, tried before *Coble, J.,* and a jury at Fall Term, 1897, of IREDELL Superior Court. The facts are stated in the opinion. There was a verdict for the plaintiff, and from the judgment thereon the defendant appealed.

*Messrs. Armfield & Turner* for plaintiff.

*Messrs. Long & Long* and *H. Burke* for defendant (appellant).

MONTGOMERY, J.: It was admitted on the trial that both the plaintiff and the defendant claimed the land, which is the subject of the action, mediately under the title of J. A. Galliher. The plaintiff offered in evidence a deed to himself from T. L. Patterson, mortgagee of J. A. Galliher, registered on the 5th of August, 1897, and then the mortgage deed itself from J. A. Galliher and wife to Patterson, registered on the 20th February, 1890. It was admitted that both deeds covered the land in controversy, and that the mortgagee had advertised and sold the land and made the deed to the plaintiff according to the terms of the mortgage. The defendant offered in evidence a deed executed by J. H. Wycoff, ex-Sheriff of Iredell county, to Thomas J. Conger, registered on the 8th May, 1896. The sheriff's deed was made for taxes due upon the land for the year 1894. Upon objection by the plaintiff to the introduction of the sheriff's deed, because it was not executed under

seal, it was not received, and the defendant excepted to the ruling of the court excluding it. The defendant next offered in evidence a deed by Conger, grantee in the excluded deed, to the defendant, R. A. Galliher, registered on the 15th May, 1897. These deeds covered the land in dispute. The documentary evidence was all that was offered.

His Honor instructed the jury that if they believed the evidence they should answer in the affirmative both issues: (1) "Is the plaintiff the owner and entitled to the possession of the land described in the complaint?" (2) "Is the defendant in the wrongful possession of the same?"

The real question for decision is, whether a sheriff's deed to land sold for taxes is valid when it is signed, but not sealed, by the maker? It is conceded by the defendant that it is inoperative as a deed unless the form of deed prescribed by the Act of Assembly of 1895, Chapter 119, Section 65, for Sheriff's deeds to land sold for taxes, dispenses with the common law necessity of a seal. The attestation clause of the conveyance prescribed by statute is in these words:

"Given under my hand and seal this blank day of blank, Anno Domini 18——.

"———————————————,

"Sheriff."

It is not to be doubted that the General Assembly could, if it chose to do so, prescribe a form of deed dispensing with a seal, but, has it done so? is the question. Under the common law, and always in North Carolina except for the two years between the 7th of March, 1879, and 5th of March, 1881, a seal has been held to be absolutely indispensable to the validity of deeds in which is

122—33

conveyed a greater estate in lands than a three year lease. The conveyance prescribed by statute for sheriffs' deeds for taxes is called a deed in the statute as well as in the body of the instrument; and, as we have said, the attestation clause reads as if a seal was to be affixed. There are no express words used in the statute which alter the general law requiring the affixing of seals to deeds for land, and we cannot arrive at the conclusion that a change so important can be made by implication. The conveyance being called a deed in the statute, and no reference being made in the statute to the dispensing with the necessity of a seal, the word "deed" must be construed to mean a deed under our general law, and our general law requires a seal to all deeds to land except as to the modification pointed out. In *Kitchen* v. *Tyson*, 7 N. C., 314, the Court said: "Now, it is a rule that where a statute makes use of a word, the meaning of which was well ascertained at common law, the word shall be understood in the same sense it was at common law."

The same principal of interpretation is adopted in *Adams* v. *Turrentine*, 30 N. C., 147. The counsel of the defendant suggested that under Section 74 of the Act above referred to, the failure of the sheriff to affix his seal to the deed was a mere irregularity, which that section cured. That section cured a great many slips between the assessment of taxes and the execution of the deed, but the paper writing in this case is not a deed. Irregularities in it might be cured, but the failure to affix the seal by the maker is not an irregularity or formal part, but a vital part.

It was also urged for the defendant that under the decision of *Moore* v. *Byrd*, 118 N. C., 688, it was incumbent on the plaintiff to prove, in order to defeat the

tax title acquired by the deed from the sheriff, that the property was not subject to taxation for the years named in the deed, or that the taxes had been paid before the sale.   In that case, however, the deed from the sheriff to the purchaser at the tax sale was properly executed in all respects.   Here, there is no deed—the paper writing is invalid as a deed.   But the defendant contends that, if the conveyance is not a deed as prescribed by statute, it is at least evidence of an equitable interest and estate in the nature of a receipt from the sheriff for the amount bid for the land at the tax sale, and ought to have been considered to defeat the plaintiff's claim; and the counsel cited to the court the case of *Tankard* v. *Tankard*, 84 N. C., 286, to sustain that position.   But the defendant is not in a position to get any advantage from that view—for one reason, that he has raised in his answer no such equitable right.   The action was commenced for the possession of the land with the ordinary counts in the complaint.   The defendant in his answer simply denied the plaintiff's title and right to recover possession.   No equities were involved by either side.   On the trial the plaintiff offered to show a legal title, and the defendant attempted to prove a better one. The defendant could not have offered evidence on the trial to prove an equitable title, for he had not set up the equity in his answer.   *Hinton* v. *Pritchard*, 102 N. C., 94; *Wilson* v. *Wilson*, 117 N. C., 351.   The defendant's counsel dwelt especially upon *Geer* v. *Geer*, 109 N. C., 679, as an authority for the position that the defendant ought to have been allowed to defeat the plaintiff's recovery by showing his equitable title, although the facts constituting such alleged title were not set up in the answer.   We think the opinion of the Court in that case will not sustain the view of the counsel.   It is true

that the Court said in that case that a plaintiff might recover in an action of ejectment upon an equitable title, and that, the record evidence being like that before the Court (in that case), the Court would, in a direct proceeding, as a matter of course, order the correction of a mere formal defect in the execution of its decree, it would be unnecessary to set forth the facts in the pleadings; but the Court went on to say, ''The same is true where it appears from the documentary evidence that the dry legal title only is outstanding in another, but where it is necessary to establish such equitable ownership by extrinsic testimony, then the facts should be pleaded, the rule being that, whenever in such cases it was under the former system necessary to invoke the aid of a court of equity, the facts necessary to warrant such equitable relief must now, under the present practice, be specifically set forth in the pleadings." The plaintiff in this case had more than a dry legal title. By the mortgage from J. A. Galliher he got the legal title, and at the sale the equity of the mortgagor to redeem. Besides, it is doubtful if the defendant's alleged equity is such a one as the courts would respect. A tax title cannot be considered as a meritorious one. We do not decide the point, but it may be of interest to quote a paragraph from the opinion in the case of *Altes* v. *Hinckler*, 36 Ill., 265, (Am. Dec., 85 Vol., p. 405), where it is said that he (purchaser at a tax sale), ''has no standing in a court of equity; not because he has done anything at all censurable in purchasing at a tax sale, but because in making the purchase he has paid what the court, when asked to decree the title of a former owner, can hardly regard as a valuable consideration. True, he was under no obligation to pay more, but, at the same time, in purchasing at that price he should

understand that he is not in a position to ask anything further from the courts than that they will give him the land upon his showing a sale and deed made in conformity with the requirements of the law. If he fail in this, assuredly a court of chancery will not aid him."

It is not necessary for us to make any decision on the ruling of his Honor in excluding the sheriff's deed. If it was error, it was harmless, because upon the whole evidence the plaintiff was entitled to recover, for his Honor would have told the jury, as he should have done, that the sheriff's deed was invalid and void.

No error.