## STRAIN v. FITZGERALD.

(Filed May 30, 1901.)

DEEDS — *Seal* — *Presumptions* — *Evidence*—*Competency*—*Sheriff's Deeds—Tax Titles.*

Where a Sheriff's deed has been lost and the copy on the registration books is offered in evidence but has no seal thereto, the law will not presume from the words "Given under my hand and seal," that the original bore a seal.

CLARK and MONTGOMERY, J. J., dissenting.

ACTION by William Strain, Annie Latta, Anderson Crutchfield, John Crutchfield, Marion Crutchfield (by John Crutchfield, next friend), Wayland Terry, Josie Terry, Julia Terry, Octavia Terry, Thomas Terry and Charles Terry (by Ransom Terry, their next friend), Pinckney Atwater and Lizzie Atwater, Jessie Bradshaw (by James Bradshaw, next friend) against R. B. Fitzgerald and S. A. W. Fitzgerald, heard by Judge *W. B. Council* and a jury, at January Term, 1901, of the Superior Court of DURHAM County. From a judgment for the plaintiffs, the defendants appealed.

*Manning & Foushee,* and *Graham & Graham,* for the plaintiffs.

*Winston & Fuller,* for the defendants.

FURCHES, C. J. This is an action of ejectment. The plaintiffs and defendants claim title under the same common source—the plaintiffs as devisees and the defendants under a Sheriff's sale for taxes. It is admitted that the plaintiffs are the owners and entitled to recover, unless the defendants have acquired the title of the testator under whom plaintiffs' claim, by reason of said Sheriff's sale.

On the trial the defendants offered in evidence the registration books of Durham County, which contained the form of a deed, signed by the Sheriff, but without a seal. This evidence was objected to by the plaintiffs, excluded by the Court and the defendants excepted; and this is the point presented by the appeal.

The defendants allege as a·reason for offering this copy or registry, that they had lost the original.

This is exactly the case of *Patterson v. Galliher,* 122 N. C., 511, except in that case the original was offered, and not a copy, or the registration books. The case would be settled by that case but for the fact that it is not the original deed that is offered. This fact, the defendants say, distinguishes this case from *Patterson v. Galliher,* and enables them to hold the land. The defendants contend that where the original is lost, and the copy on the registration books states that it was made "under the hand and seal" of the Sheriff, it will be presumed that the original had a seal. And for this contention the defendants cite and rely on *Heath v. Cotton Mills,* 115 N. C., 202. But upon examination of that case it will be found that the original deed was offered in evidence on the trial, and it had a seal; and the only question presented by the appeal in that case was whether the seal being omitted on the registration books, the registration was sufficient to give notice of the mortgage, and the Court held that it was. And whether that decision was right or not (and we do not say but what it was), we do not think it sustains the contention of the defendants in this case.

The defendants also cite and rely on *Quinnerly v. Quinnerly,* 114 N. C., 145. But the question presented in that case is as to whether the certificate of probate was sufficient to authorize the registration. · Nothing was left out by the register in that case, and the question was as to its sufficiency to authorize the registration. So it does not seem to us that that case sustains the defendants' contention of presumption.

The defendants also cite *Aycock v. Railroad,* 89 N. C., 321, as authority for their contention. That was a case in which a copy of a grant from the State was offered in evidence, and it did not appear that the Great Seal of the State had been put on the registration books; nor was there any such scroll as indicated that it was on the grant. This grant was allowed in evidence. But its admission was put on special grounds and on special legislation, as the case will show. And the Court, while it apparently sustains the Court below upon the special grounds mentioned, states that it was immaterial whether it was admitted or not, as the case depended upon the question of possession. So it would hardly seem that that case was authority to sustain the contention of the defendants.

A deed is an instrument of *writing signed, sealed and delivered.* 2 Blk. Com., star page 395. The *seal* is what distinguishes it from a parol or simple contract. Land can only be conveyed by *deed,* that is, an instrument of writing signed, sealed and delivered. A paper, in form a deed, is *not a deed* without a *seal.* And to presume a *seal* is to presume the very matter at issue. There can be no presumption of a fact, unless other *facts* are proved or admitted, that form what is called in law a *chain,* that necessarily leads the mind from the *facts* proved or admitted to the *fact* to be proved—"a chain" of facts. One fact, if proved, does not form a "chain" of facts. In this case there is but one fact, as we understand it, that the defendants rely on to prove a seal that is to prove a deed, and that is, that the paper on the registration books says, "Given under my hand and seal." But for this, they would have nothing. And when it is considered that the paper they offer is in the exact words of the form prescribed by the Legislature for Sheriff's deeds in sales for taxes, which has no seal, this one fact loses any force it might be supposed to have. The error was originally committed by the Legislature and

then by the Sheriff, in following the form prescribed by the Legislature.    But defendants want the Court to presume that the Sheriff of Durham County knew more than the Legislature.    This, we think, may be called a *violent* presumption, in the sense that it violates the rule of presumptions and of common sense.

To adopt the reasoning of the defendants would lead us into the adoption of a logic that can not be sustained—that the inferior is greater than the superior, that a part is greater than the whole.    We have said in *Patterson v. Galliher,* that the original is not good.    Shall we say now that a copy is?    We can not do so.

It is said for the defendants that the fact that defendants are purchasers at a tax sale makes no difference; they must stand before the court as all other persons do. This is true, so far as they are concerned, and they must have the same legal justice measured out to them that anyone else would have under the same or misilar circumstances. But we do not admit that they stand before this Court in the same way that others might stand, in asking the Court to presume a seal.    And we do not say the Court would be justifiable in doing so in any case.    But it seems to us that this case might be distinguished from some other cases that might be presented, where it did not appear, as it does here, that the paper was drawn by a form that was defective, in the exact particular that this "deed" is fatally defective.

We find no error, and the judgment is

Affirmed.

CLARK, J., dissenting.    The defendant asked the Court to charge: "The only apparent defect in the defendants' deed is the apparent lack of a seal to the deed dated 13th December, 1895, as registered in Book 15, page 197, and as the said record discloses that the attestation clause recites the presence

of a seal, the jury will infer and presume a seal because of such recital, in the absence of the original deed."

The exception for refusal so to charge should be sustained. It was in evidence that the original deed was lost and after due diligence could not be found. The attestation clause, as it appears upon the register's books recites:

"Witness my hand and seal. This 13th day of May, 1895."

"F. D. MARKHAM,
                                    *"Sheriff."*

The legal presumption from this recital is, in the absence of production of the deed, that there was a scroll after the signature, as therein recited. *Aycock v. Railroad*, 89 N. C., 323; *Heath v. Cotton Mills*, 115 N. C., at page 208. It might affect the security of many titles if, notwithstanding such recital in the record of a deed upon the registration book, the omission of the register or of his clerks to make on the record the flourish of a pen, called in our State by courtesy a seal, should render invalid the registration. If, in fact, the instrument has neither a seal nor a scroll or pen flourish in lieu thereof after the signature of the grantor, it is invalid. But when there is a seal the grantee is not required to supervise the registration to see that the scroll, or something similar to it, is entered on the registration of the deed. The recital recorded, "Witness my hand and seal," is notice, and presumptive evidence, that there was a seal of some kind on the original. It need not and may not have been a scroll at all. It may in fact have been a seal attached by a ribbon or thread which could not have been copied. This is not probable, because with us a scroll is allowed by courtesy, and in ordinary usage in lieu of a seal, but this shows that the making of a scroll (which, if in the original deed is itself a mere make-believe and substitute for a seal) in the registration of a deed, is not an indispensable matter, but the state-

ment made in the use of the words "Witness my hand and seal" raises a presumption that there was a seal.

In *Aycock v. Railroad, supra,* it is held that a copy of a grant from the Register's office, containing therein the recital that it was issued under the Great Seal of the State, is admissible in evidence, though the registry does not show the the impress of the seal or scroll to indicate it. The Court says: "As the purpose of requiring registration is to give notice of the terms of the deed, and this is fully accomplished in the registry, we can see no reason why some scroll or attempted imitation of the form of the seal should be required in addition to the words spoken in the grant." These words are quoted in *Heath v. Cotton Mills, supra,* with approval, where the Court further says: "Very respectable authorities which accord with our conception of the true principle, sustain the position that if the attestation clause recites that the deed was signed and sealed, it will be presumed that the original deed was sealed"—citing an extract from *Beardsley v. Day,* 52 Minn., 451, which itself cites many authorities to that effect, and 1 Jones on Mortgages, 403. Another case exactly in point with the present is *Dolan v. Trelevan,* 31 Wis., 147.

This case differs from *Patterson v. Galliher,* 122 N. C., 511, in that there the original deed was produced in evidence, and on inspection it rebutted the presumption of a seal raised by the recital recorded in the registration. Here, the loss of the original was in evidence, and the Court excluded oral evidence offered to show, as was averred in the answer, that there was a scroll or seal to the original deed.

This is a tax deed, but the same principle applies to the registration of any other deed. This deed was made under the law then in force, 1893, ch. 297, sec. 65, which prescribes the form of deed, containing this conclusion : "Witness my hand and seal. . . . . . . . . . . . ., Sheriff," without containing any word "seal," or any scroll. In *Patterson v. Galliher, supra,*

it was held that this prescribed attestation fully indicated that there should be a seal or scroll, and in its absence the instrument was invalid. By parity of reasoning, the apparance of the same recital in the registration of a deed indicates that there was a seal, unless the contrary is shown.

Error.

MONTGOMERY, J.   I concur in the dissenting opinion.