## FISHER v. OWENS.

(Filed May 19, 1903.)

1. DEEDS—*Sheriff's Deed—Seal—Ejectment.*

    A deed of a sheriff without a seal attached is not competent evidence in ejectment to show title,

2. REFORMATION OF INSTRUMENTS—*Deeds—Sheriff's Deeds.*

    In ejectment a sheriff will not be allowed to affix his seal to a deed, having omitted it by mistake, unless such equity is set up in the complaint.

ACTION by W. C. Fisher against W. J. Owens and others, heard by Judge *Frederick Moore* and a jury, at November Term, 1901, of the Superior Court of TRANSYLVANIA County. From a judgment for the defendants, the plaintiff appealed.

*H. G. Ewart,* for the plaintiff.
No counsel for the defendant.

WALKER, J. This action was brought by the plaintiff to recover damages for cutting timber and removing the same from the land described in the complaint, which the plaintiff alleged belonged to him, and also to enjoin defendants from cutting and removing any more timber from the said lands.

In order to show title to the premises plaintiff introduced a grant from the State to Jonathan Zachary issued in 1852, a deed from Jonathan Zachary to J. M. Zachary and a deed from J. M. Zachary to Thomas Steen. The grant and the two deeds contained the same description. Plaintiff then introduced in evidence a paper writing purporting to be a deed from the Sheriff of Transylvania County to himself, dated May 8, 1895, but acknowledged and recorded on the 30th day of November, 1901.

The plaintiff alleged that this deed covered the land in dispute. There was no seal affixed to the name of the sheriff.

The defendant objected to the introduction of this deed, but the court overruled the objection and stated that the deed would be admitted "for what it is worth", and held that it was not sufficient to vest the title in the plaintiff, even if it covered the land. The plaintiff thereupon proposed to prove by the sheriff that the seal was omitted by inadvertence and mistake and that he was willing then and there to affix the seal. The sheriff's term of office had expired, but he was collecting taxes in arrears under a special Act of the General Assembly. The defendants objected to the evidence proposed to be introduced by the plaintiff and also to the affixing the seal of the Sheriff to the deed, and the objection having been sustained, the plaintiff excepted. The plaintiff introduced evidence for the purpose of showing that he had been in adverse possession of the land, which was called the Steen tract, but we think that, upon a careful examination of the evidence the plaintiff failed to show any sufficient possession of the land in dispute to give him a standing in court as against the defendants.

Even if the sheriff's deed could be regarded as color of title, plaintiff did not introduce any evidence of adverse possession under it. The paper, called the sheriff's deed, was dated May 8th, 1895, and this action was commenced on the 7th day of June, 1901, or six years and one month after the said paper writing, so that plaintiff not only failed to show adverse possession, but if he had shown that he had been in adverse possession of the land, it could not have continued for a sufficient length of time to have ripened his color of title into a good and perfect title.

Plaintiff assigns as error the refusal of the court to admit evidence that the plaintiff was in possession of the Steen tract, and the refusal of the court to admit the evidence of T. B. Reed and the boundary survey made by him. We have searched the record and can find no basis for these assign-

ments of error.   It appears that the evidence of T. B. Reed was admitted.   It is fully set forth in the case, and so far as appears, there was no objection to it, and no ruling upon it or any part of it adverse to the plaintiff, except as to its sufficiency to show adverse possession.   It seems that the court admitted all of the testimony offered by the plaintiff except that which is hereinafter mentioned, and reserved its decision as to the legal effect or sufficiency of the evidence to establish plaintiff's case.

In passing upon the questions raised by the exceptions and assignments of error, we must necessarily be confined to what appears in the case, and as there is nothing that we have been able to find which indicates that any such rulings, as those set out in the assignments of error now being considered, were made by the court, these exceptions must be overruled.

The decision of the case therefore must turn upon the correctness of the ruling of the court in regard to the paper writing signed by the sheriff.   This paper writing cannot operate as a deed because it had no seal, a seal being essential to its validity.   This very question has been considered and decided by this court with reference to a paper writing in all respects like the one before us.   *Patterson v. Galliher,* 122 N. C., 511; *Strain v. Fitzgerald,* 128 N. C., 396.   The counsel for the plaintiff, conceding this to be law, contends that the seal was admitted by inadvertence and mistake and that the sheriff should have been allowed to affix his seal to the paper *nunc pro tunc.*   A sufficient answer to this contention is that no such equity is set up in the complaint and it cannot be considered without being specially pleaded in some way.   *Patterson v. Galliher, supra.*   In one of the cases cited by the learned counsel for the plaintiff, it is said: "It has been settled upon fundamental principles of equity jurisprudence, by many precedents of high authority, that

Fisher v. Owens.

when the seal of a party, required to make an instrument valid and effectual at law, has been omitted by accident or mistake, a court of equity, in order to carry out his intention, will, at the suit of those who are justly and equitably entitled to the benefit of the instrument, adjudge it to be as valid as if it had been sealed, and will grant relief accordingly, either by compelling the seal to be affixed or by restraining the setting up of the want of it to defeat a recovery at law." *Inhabitants, etc. v. Stebbins,* 109 U. S., 341. It will be seen therefore that if the plaintiff has any equity for the reformation of the deed, which the court will enforce under the facts and circumstances of this case (*Patterson v. Galliher, supra*), he must obtain relief by a direct proceeding and not in this collateral way. If the court had the power to require the seal to be affixed in this case, the exercise of the power was within its sound discretion. If the deed had been reformed by affixing the seal, under a judgment of the court in a case properly constituted for that purpose, and it related back to the day of its date instead of taking effect at the time it became a perfect deed, the plaintiff would still be required to locate the land and show that the timber had been cut from a part of it, which he has failed to do in this case. The evidence in this respect was too indefinite and uncertain to be submitted to the jury. *Hulse v. Brantley,* 110 N. C., 134; *Ruffin v. Overby,* 105 N. C., 78. In no view of the case therefore was the plaintiff entitled to recover, and the court was right in sustaining the motion to dismiss.

No Error.