*TENNIE HOWELL v. W. C. HURLEY.

**State's Lands—Seals—Signature—Evidence.**

For the original grant from the State to furnish evidence that it was signed by the Governor and countersigned by the Secretary of State, it must conform to the constitutional mandate that "The Great Seal of the State" be thereto affixed; and where a paper-writing purporting to be a grant of lands from the State is without the seal, and there is no recital of a seal in the paper, and no evidence that the seal has been affixed, it is inadmissible as evidence in the chain of title by a party claiming the lands.

APPEAL by defendants from *Harding, J.,* at April Term, 1914, of MONTGOMERY.

Civil action to recover land, the plaintiff W. R. Howell claiming to be the owner of four-ninths thereof under a deed from four of the children of Bethany Johnson, and the *feme* plaintiff, Tennie Howell, claiming a one-ninth interest as one of the heirs of Bethany Johnson.

The plaintiffs introduced in evidence a paper purporting to be a grant from the State for the land in controversy, issued in 1858 to Jacob Lassiter. No seal was affixed to this paper, and there was no mark or sign on it indicating that it had ever been sealed, and no recital of a seal in the paper.

The defendants excepted to the admission of this paper in evidence.

Jacob Lassiter died intestate in 1861, leaving two children surviving him, Bethany, who married Harris Johnson, and Celia Lassiter. Bethany Johnson died in 1895, leaving her husband and nine children surviving her. Harris Johnson died about four years ago.

The plaintiffs introduced evidence tending to prove an adverse possession for a sufficient length of time to bar the title of Celia Lassiter.

The defendants introduced a grant from the State issued to one Fisher in 1835, and deeds to themselves and to those under whom they claim, which were not connected with the grant, but were color of title, the first of these deeds bearing date in 1861. They also introduced evidence tending to show an adverse possession of the land since 1890.

The contention of the plaintiffs is that Jacob Lassiter became the owner of the land under the grant of 1858; that upon his death the title descended to his two daughters, Bethany and Celia; that Bethany acquired the interest of Celia by adverse possession; that upon the death of Bethany the title descended to her nine children subject to the life estate of her husband as tenant by the curtesy; that the plaintiff W. R. Howell is the owner of four-ninths of the land under deeds from four of the children of Bethany Johnson, and that the plaintiff Tennie is the

---

*This case was decided at Fall Term, 1914, but by inadvertence, evidently due to the burning of the printing plant, does not appear among the cases reported as of that term.

owner of a one-ninth interest as an heir of Bethany Johnson. They also contend that the possession by the defendants under their deeds confesses no title, because Bethany Johnson was under coverture up to the time of her death, and that there was thereafter an outstanding life estate up to a short time before the action was commenced.

The defendants contend that if the paper introduced is valid as a grant, there has been no adverse possession that would bar the title of Celia, and therefore the plaintiffs would not in any event be the owners of more than five-eighteenths of the land; that the paper is not a grant, because not under seal; that there has been no adverse possession by those under whom the plaintiffs claim; that if there has been an adverse possession, with the paper purporting to be a grant eliminated, this possession would confer title on Harris Johnson and not on Bethany, and that their possession since 1890 would be adverse as to him.

The jury returned the following verdict:

1. Is the plaintiff W. R. Howell the owner of any part of the land described in the complaint, and if so, what part? Answer: "Yes; four-ninths undivided interest."

2. Is the plaintiff Tennie Howell, wife of W. R. Howell, the owner of any part of the land described in the complaint; if so, what part? Answer: "Yes; one-ninth undivided interest."

3. Is the beginning point of the land described in the complaint located at the point north 84 degrees east 82 poles from the point "A" on the map, said point "A" designated in the complaint as John Haltom's and Lassiter's own line? Answer: "Yes."

4. What is the annual rental value of the land described in the complaint? Answer: "$25."

5. Is the plaintiff's right to recover in this action barred by the statute of limitations? Answer: "No."

The answers to the first and second issues were under an instruction to so find if the jury believed the evidence, to which the defendants excepted.

Judgment was rendered in favor of the plaintiffs, and the defendants appealed.

*J. A. Spence for plaintiffs.*
*Jerome & Price for defendants.*

ALLEN, J., after stating the case: The contentions of the parties are stated at some length for the purpose of showing the importance to the plaintiff's title of the paper of date 1858, issued to Jacob Lassiter.

If it is not a grant the plaintiffs must rely altogether on adverse possession, and the evidence of such possession introduced tends to show title in the husband, Harris Johnson, as well as in the wife, Bethany,

if not to the exclusion of any claim in her; and if Harris Johnson had acquired title by adverse possession prior to 1890, a possession of like character by the defendants since then under color would confer the title on them.

It follows, therefore, that the peremptory instruction to the jury, which would be objectionable if the paper is a grant on account of the controversy as to adverse possession, is clearly erroneous if the paper is not a grant.

The Constitution, Art. III, sec. 16, leaves no ground for discussion as to the validity of the paper. It provides: "All grants and commissions shall be issued in the name and by the authority of the State of North Carolina, sealed with 'The Great Seal of the State,' signed by the Governor and countersigned by the Secretary of State," and in *Richards v. Lumber Co.*, 158 N. C., 56, the Court, speaking of the seal, says: "The original grant is filed in the record. There is no question made by any one but that it is genuine. This is shown by the great seal of the State. When that appears, the signature of the Governor and Secretary of State on an instrument, thus issued from the Secretary's office, are presumed to be genuine."

If, therefore, it is the mandate of the Constitution that all grants shall be sealed with "The Great Seal of the State," and if the seal furnishes the proof of the genuineness of the signatures of the Governor and Secretary of State, we cannot hold that a paper without a seal is admissible in evidence as a grant, when there is no recital of a seal in the paper and no evidence that a seal had ever been affixed.

This is the same principle which has been applied to deeds. *Patterson v. Galligher*, 122 N. C., 511; *Fisher v. Owens*, 132 N. C., 689.

It follows that the paper was improperly admitted in evidence, and the instruction to the jury erroneous.

New trial.