Civil action in ejectment.
It is admitted that both parties claim title to the land in controversy under Jordan Poyner, deceased. The plaintiffs offered evidence of a fee-simple title in themselves and rested. The defendants then offered the following paper-writing, registered in Book 25, page 63, of the registry of Currituck County, as the only evidence of their right to hold the property during the life of A. A. Owens:
"Feb. 10th, 1922. This is to certify that I, Jordan Poyner, and to let A. A. Owens have the following property at my death. (Description not in dispute.) A. A. Owens is to keep all buildings in good condition. At his death this property goes back to Jordan Poyner's estate. (Signed) Jordan Poyner."
Objection having been made, the instrument was excluded on the ground that it conveys no title to the land described therein. Exception by the defendants.
Verdict and judgment in favor of plaintiffs, from which the defendants appeal, assigning as error the exclusion of the paper-writing offered by them as evidence of their title.
The paper-writing in question was properly excluded as evidence. It is not a deed, for it contains no apt words of conveyance, and is not under seal. Fisher v. Owens, 132 N.C. 686, 44 S.E. 369. *Page 413 
It is not a will, nor was it offered as such for probate. Neither is it a lease or contract specifically enforceable. It conveys no interest to A. A. Owens who claims a life estate in the property under said instrument.
No error.