Vance *et al. v.* Funk *et al.*

John E. Vance and Josiah S. Breese, appellants, *v.* Isaac Funk and Jesse Funk, appellees.

*Appeal from the Municipal Court of the City of Chicogo.*

Where the return of an officer to a summons is defective, appearance and pleading in chief cures the defect.

A statement in a note, that it is sealed, where no seal is affixed, does not make the note a sealed instrument.

In an action, by Isaac and Jesse Funk, on a promissory note payable to I. and J. Funk, it is unnecessary, unless a mistake in the names is pleaded in abatement, to prove the Christian names of the payees.

In an action against John E. Vance and Josiah S. Breese, upon a promissory note made by " J. E. Vance, & Co.," no evidence was given of the partnership of the defendants, except that a witness stated, that he presented the note to Breese, who stated that the demand was just, and that he would in a short time pay it: *Held*, that the plea of non assumpsit, unless verified by affidavit, under the statute, did not put in issue the execution of the note, as to Vance, and that the confession of Breese was sufficient for the Court to infer, that he was the partner of Vance.

The Municipal Court of the city of Chicago, although an inferior Court according to the Constitution, is at common law, a superior Court of General jurisdiction, although limited territorially. The rule of law in relation to Courts of this description is, that jurisdiction is presumed, unless the contrary expressly appears; and that by appearing and pleading, the jurisdiction is admitted.

This cause was tried in the Court below, at the September term, 1838, before the Hon. Thomas Ford, without a jury. Judgment was rendered for the plaintiffs for the sum of $721,25, and costs of suit. The defendants appealed to this Court.

Francis Peyton, for the appellants.

Giles Spring and J. Young Scammon, for the appellees.

Lockwood, Justice, delivered the opinion of the Court : (1)

This was an action of *assumpsit* on a promissory note, commenced by Isaac and Jesse Funk against Vance and Breese, the appellants.

A summons was issued to the High Constable of the city of Chicago, and was returned served by him on Breese, one of the defendants. At the same time, another summons was issued to the county of Winnebago, and returned served on Vance, by the sheriff of that county. The defendants appeared and pleaded *non assumpsit*, and agreed that the Court should try the issue without a jury. On the trial of the cause, the plaintiffs read a note in evidence, as follows, to wit : " On the twenty-fifth day of May next, for value received, we promise to pay I. & J. Funk, or bearer, six hundred and seventy dollars, at Taylor, Breese, & Co.'s store in Chicago, Ills. Given under our hands and seals this 10th of Feb'y, 1837. J. E. Vance, & Co."

(1) Wilson, Chief Justice, was not present on the argument of this cause.

The plaintiffs proved by a witness, that he presented the note to Josiah S. Breese, who stated that the demand was just, and that he would, in a short time, pay it.   After the evidence was given, the defendants below moved the Court for a nonsuit, on the ground that the note produced in evidence, was a sealed instrument, and that the plaintiffs had offered no evidence of the partnership of either plaintiffs or defendants ; which motion the Court overruled, and gave judgment for the plaintiffs. It is relied upon as error, that the Municipal Court of the city of Chicago had not jurisdiction over the defendants, or at least one of them.   After appearance and pleading in chief, it is too late to raise this objection.   The Municipal Court of the city of Chicago, although an inferior Court according to the Constitution of this State, is, at common law, a superior Court of general jurisdiction, although limited territorially.   The rule of law in relation to courts of this description, is, that jurisdiction is presumed, unless the contrary expressly appears, and that by appearing and pleading, the jurisdiction is admitted.(1)

It is also assigned for error, that the return of the sheriff of Winnebago county *is not* sufficient.   If the return of the sheriff was defective, the appearance and pleading in chief cured the defect. (2)

The objection, that the note was a sealed instrument, is without foundation.   The statement in the note, that it is sealed, where no seal is affixed, does not make the note a sealed instrument.

No evidence was necessary to prove, that the plaintiffs' names were Isaac and Jesse Funk.   If any mistake was made in their Christian names, it was necessary to plead it in abatement.(3)

The name of Vance, one of the defendants, being signed to the note, the plea of *non assumpsit*, unaccompanied by an affidavit of its truth, did not put the question of the execution of the note on his part, in issue.   The evidence of the confessions of Breese was sufficient for the Court to infer, that he was a partner of the firm of J. E. Vance & Co.

The judgment is, therefore, affirmed with costs.
*Judgment affirmed.*

*Note.*   See Beaubien *v.* Brinckerhoff, and note, *Post.*

(1) 1 Chit. Plead. 425.          (2) Easton *et al. v.* Altum, 1 Scam. 250.
(3) Collins *et al. v.* Avery *et al.*, decided at this term.   *Post.*