# CHARLESTON.

### COMLEY *v.* FORD.

Submitted September 10, 1908.    Decided March 30, 1909.

1. MINES AND MINERALS—*Lease—Estate for Years.*
   An instrument, granting the right to mine and remove the coal in a tract of land for a period of years, and "to take all necessary, usual or convenient means for working and taking away the said coal," creates an estate for years in the land. (p. 432.)

2. SAME—*Lease—Estate for Years—Assignment.*
   If the term, so created, be for more than five years, it cannot be assigned otherwise than by deed or will. (p. 432.)

3. SAME—*Lease—Liability of Lessee.*
   The assignee of the lessee is liable to the lessor for the rent reserved in the lease, if he covenant or agree to pay the same, or privity of estate between him and the lessor be established, but not otherwise. He is not liable to the lessor unless privity of contract or estate between him and the latter exists. (p. 433.)

4. SAME—*Lease—Assignment.*
   To constitute privity of estate, the assignee must acquire the legal title to the term or take possession of the premises. In the latter case, his possession constitutes sufficient title to establish the relation of privity of estate, and makes him liable for the rent as long as it continues, unless he shows he is in merely as under-tenant. (p. 433.)

5. DEEDS—*"Sealed Instruments."*
   The mere recital in the *testimonium* clause of an instrument, signed and delivered for a deed, that the parties have affixed

their seals, is not sufficient to make it a sealed instrument, if no seal, or scroll, mark or word, equivalent thereto, is annexed to the signatures, and the instrument is not a deed. (p. 435.)

Error to Circuit Court, Monongalia County.

Action by James A. Comley and wife against Wesley Ford. Judgment for defendant, and plaintiffs bring error.

*Affirmed.*

LAZZELLE & STEWART, for plaintiffs in error.

GOODWIN & REAY, MORELAND & MORELAND, and COX & BAKER, for defendant in error.

POFFENBARGER, JUDGE:

James A. Comley and wife brought an action of *assumpsit*, in the circuit court of Monongalia county, to recover, from Wesley Ford, the sum of $2,000.00, as a minimum royalty reserved upon a lease of a certain tract of coal. A demurrer to the original declaration was sustained and it was amended. The court overruled the demurrer to the amended declaration and each count thereof, whereupon certain special pleas were tendered and rejected. Then the case was submitted to the court, on an agreed statement of facts, and there was a finding for the defendant. The court seems to have thought the declaration insufficient, since leave was given to amend and the order recites that it was given because the plaintiffs may have been mislead by the overruling of their demurrer. They declined to amend and obtained a writ of error to the judgment against them.

Ford was not the lessee. The lease had been executed to William T. Coburn, who, with his wife, assigned it to Ford by a written instrument, in which they recited that they had affixed their seals, but which bears none. The lease granted to Coburn, for a period of twelve years from the date thereof, the right to mine and remove all the coal under a certain tract or parcel of land containing 95 acres and 155 poles. This coal the lessors had reserved and excepted from a conveyance of the land which they had executed to one Millholland. The reservation of the coal and mining rights was expressed in the deed to Millholland in the following terms: "But the grantors save and except from the operations of this conveyance all coal * * *

under the premises herein before described, with powers for the parties of the first part, their heirs and assigns, to take all necessary, usual or convenient means for working and taking away the said coal * * * excepting that the said parties of the first part agree that the mining rights and privileges so saved and excepted from the operations of this conveyance, shall not be exercised in such manner as to interfere with the construction and operation of any railroad which may be built over the said premises by the said party of the second part, his heirs and assigns." After incorporating this provision of the Millholland deed, the lease proceeds as follows: "The said parties of the first part, do, therefore, grant unto the said party of the second part, all the rights, privileges and easements, for the purpose of mining and removing said coal from the tract of land hereinbefore described, which the said parties of the first part have by reason of the reservation in the conveyance to the said James A. Millholland." The lessee covenanted and agreed to mine and remove all the coal under the land, consisting of three veins, known as the Pittsburg, Red Stone and Sewickley or Mapletown, paying at the rate of eight cents per ton for the coal in the first, six cents for the coal in the second, and five cents for the coal in the third; and also to mine not less than 25,000 tons each year after the year 1905, and to pay the royalty on said quantity each year after 1905, during the life of the term, whether they mined any coal or not, with the understanding that the sum paid in any year in which no coal should be mined was to be credited upon coal mined in any subsequent year. The lease was dated February 15, 1905, and was to become void if the lessee did not, on or before the 15th day of September, 1905, pay to the lessors the sum of $500.00, to be credited as a payment on the first coal mined. Before this became due, Coburn assigned the lease to Ford who paid said sum of $500.00 on the 15th day of September, 1905. Neither Coburn nor Ford entered upon the land or did any mining under the lease.

The case may be treated as upon a demurrer to the special count in the declaration, founded upon the lease, it being admitted that there is no right to recover under any of the common counts, since there is no covenant on the part of Ford to pay any rent. So treating it, the attorneys for the defendant in error say (1) there is no privity of contract, nor (2) privity of estate,

and that, therefore, there can be no recovery from the assignee. The contention against the privity of estate is based upon the double view that the instrument relied upon as a lease grants a mere mining privilege and creates no estate in the land to which there could be succession, and that the term, if any, is for more than five years and can be conveyed only by deed or will, and the instrument of assignment, not being under seal, is not a deed.

The paper executed by Comley to Coburn differs from the ordinary mining lease, such as was construed in the *Harvey Coal & Coke Co.* v. *Dillion,* 59 W. Va. 605, and *Toothman* v. *Court-ney,* 62 W. Va. 167, and other cases referred to in those decisions, in this, that it does not, in terms, demise, let and lease a tract of land for mining purposes. It grants the right to mine and remove the coal and all the rights privileges and easements reserved in the Millholland deed, which include all the necessary, usual or convenient means for working and taking away the coal. The use of a portion of the surface is both necessary and convenient in the mining of coal. A grant of the coal or a right to mine the coal carries with it, by implication, the right to use so much of the surface as may be necessary. This deed expressly gives, not only what is necessary, but what may be convenient as well. The right to use a portion of the surface as well as to mine and take away the coal is given for the period of twelve years. Therefore a term or period of use of the surface land is granted. That it is not granted in express terms is immaterial. A grant by necessary implication is as complete and effective as one made in express terms. Our conclusion, therefore, is that this lease differs from those above referred to in form only and not in substance, and though it may carry some of the features or elements of a license or privilege, it also carries an estate for years in the land.

That there can be no recovery from the assignee of the lessee until either privity of contract or privity of estate is established on the part of the assignee, is uniformly asserted by the authorities. In *Railroad Co.* v. *McIntire,* 44 W. Va. 210 the assignee is said to be liable to the lessor because of his privity of estate. If there were an express covenant on the part of the assignee to pay the rent, there would be privity of contract. Taylor on Landlord & Tenant, sec. 436, says the mere assignment of the lease does not transmit to the assignee any succession in re-

spect to the contract, and, therefore, does not create privity of contract. But, since he takes the estate of his assignor, the lessee, by an assignment, he becomes liable because of privity of estate or succession to the estate vested in the lessee by the lease. If the assignment is valid and complete, passing the legal title to the lease, the assignee is liable by reason of his succession, whether he enters into possession or not. *Negley* v. *Morgan,* 46 Pa. St. 281; *Washington Natural Gas Co.* v. *Johnson,* 123 Pa. St. 576; *Fennell* v. *Guffey,* 139 Pa. St. 341; *Fennell* v. *Guffey,* 155 Pa. St. 38; *Sanders* v. *Partridge,* 108 Mass. 556; *Babcock* v. *Scoville,* 56 Ill. 466. If the assignee be put in possession of the leased premises, his possession raises a presumption of an assignment and he may be liable for the rent by reason of his possession alone. The pivotal question in such case is, whether he is an assignee or a mere under-tenant. If the intention or contract between him and the lessee was that he should take the whole interest in the lease, and he has taken possession under such a contract, he becomes a tenant of the lessor and is liable for the rent, whether the legal title be vested in him or not, possession alone being regarded as title sufficient to impose liability for the rent. *Armstrong* v. *Wheeler,* 9 Cow. 88; *Moores* v. *Choat,* 8 Simon 508; *Carter* v. *Hammett,* 12 Barb. 253. This view is sustained by legal principle. One in possession of real estate may hold it against everybody who cannot show a right to possession in himself. *Camden* v. *West Branch Lumber Co.,* 59 W. Va. 148. The assignee of a lessee may defend his possession against the lessor. The lease shows a right of possession in somebody other than the lessor, and the party having possession is not bound to yield it until the rightful owner demands it. As long as the lessee permits another to hold the possession, the lessor cannot complain. Whether there is a valid assignment is a matter of no interest or concern to him. That question arises between the lessee and the assignee. As the lessor cannot disturb the possession of the person admitted thereto by the lessee, such person cannot deny that he is tenant, and, being tenant, he cannot escape liability to pay the rent as long as he continues to be tenant. Being tenant, in fact and in law, the element of privity exists. As between him and the lessor, he has a legal right of possession, which he derived mediately from the latter. In other words, as regards the lessor, he suc-

ceeded the lessee in the ownership of the term for the time being. "The occupant being thus in possession, in a way that the landlord cannot disturb, and having all the benefits of an actual assignee, is estopped from setting up that he is assignee only by parol agreement and not by a valid written instrument." *Carter* v. *Hammett,* 12 Barb. 253, 262. But if the assignee is not in possession and has merely an equitable assignment, there is no succession to the estate in law and no right of recovery. In other words, there must be either possession by the assignee or he must hold the legal title to the term by an assignment. "If a lessee contracts to sell his lease, and another party contracts to purchase it of him, it would be contrary to the established principles of a court, either of law or equity, to say that thereupon any right or equity arose, to the landlord, either to compel the purchaser to take an assignment of the lease, or to compel the seller to assign it. No such case ever arose: for no equity could arise to the landlord to interfere, in consequence of such a contract between the lessee and the intended assignee. The depositary of a lease for securing a debt has a right to file a bill for a foreclosure and to have the lease assigned to him or, if he has an agreement for a sale, he may file a bill for specific performance: but he is not bound to do either; and, until he exercises his option, or takes possession of the tenements comprised in the lease, he stands, to all intents and purposes, in the character of an entire stranger to the tenancy, and the landlord has no right whatever to interfere with him." *Moores* v. *Choat,* 8 Simon, 508, 523.

Coburn having been vested with a legal estate in the land by this deed, the next inquiry is whether Ford has become owner of it as against Coburn; for, not having taken possession and not having covenanted to pay the royalty or rent, he is not liable therefor to the lessor, according to the weight of authority, unless he has succeeded Coburn in ownership of the estate vested in him. The term is for twelve years. Section 1 of chapter 71 of the Code provides that "no estate of inheritance or freehold, or for a term of more than five years, in lands, shall be conveyed, unless by deed or will." That this statute is applicable to assignments seems clear. By its terms it is not limited to the mere creation of a term. It says no term for more than five years shall be conveyed otherwise than by deed or will. The

statute of frauds, inhibiting sales of interests in real estate other-
wise than by written instruments applies to assignments of
leases. *Briles* v. *Pace,* 13 Ired. L. (N. C.) 279;*Johnson* v.
*Redding,* 36 Mo. App. 306; *Hunt* v. *Coe & Wells,* 15 Ia. 197;
*Chicago Attachment Co.* v. *Sewing Machine Co.,* 142 Ill. 171;
Brown on Stat. Frauds, sec. 41. It logically follows that a
deed is necessary under a statute, saying no conveyance of a
term shall be made otherwise than by deed or will. In some
states, probobly most of them, a deed is not necessary, a note
in writing being sufficient. The Pennsylvania statute requires
a deed or note in writing.

⋅ If the instrument by which Coburn attempted to assign the
lease to Ford expresses the intention to convey, by the use of ap-
propriate terms, and would be regarded as a deed, if it were
under seal, a question we are not called upon to decide, it is nev-
ertheless no deed, because it is not a sealed instrument. It
bears no scroll, seal, letter or mark that the parties could have
referred to in the *testimomium* clause. That clause says "in
witness whereof we have hereunto set our hands and seals."
This is not sufficient as is insisted in the brief for the plaintiff in
error. Something must appear on the paper to which the word
"seals" may be referred. "The word 'sealed,' inserted in the
body of an instrument, promising to pay money, will not make
it a specialty, without a seal, an (L. S.) or some equivalent
mark annexed." *Mitchell* v. *Parham,* Harper's (S. C.) Const.
Rep. 1; *Patterson* v. *Gallaher,* 122 N. C. 511; *Vance* v. *Funk,*
3 Ill. 263; *Taylor* v. *Glaser,* 2 S. & R. (Pa.) 502. On this ques-
tion, there seems to be no precedent or rule in any of the de-
cisions of this Court or the Virginia court. A number of de-
cisions by both courts say it is necessary to recognize the seal
or scroll in the body of the instrument, if it be one which is
not required by law to be under seal, and that it is not abso-
lutely necessary to do so, if it be one which the law requires to
be under seal, but in neither class is there any intimation that
the seal itself may be omitted. Hence, they have no applica-
tion to the question here presented. As the instrument cannot
be regarded as a deed, it does not pass the legal title to the lease
and there is no privity of estate, from which it follows there
can be no recovery from the defendant.

As the declaration shows no election on the part of the de-

fendant, in respect to the vein from which coal shall be taken, it is urged that, even if the legal title had passed to him, uncertainty of the contract, as set forth in the declaration, would prevent recovery. This question we do not pass upon. Anything we might say on the subject would be *obiter*.

For the reasons stated, the judgment must be affirmed.

*Affirmed.*