## FLEWELLEN et al. v. LOGAN et al.
### No. 9021.

Circuit Court of Appeals, Fifth Circuit.

June 30, 1939.

Rehearing Denied Aug. 12, 1939.

See 106 F.2d 151.

**269**

W. T. Saye and J. N. Saye, both of Longview, Tex., and E. J. Fountain, of Houston, Tex., for appellants.

B. K. Goree, Geo. W. Rice, and Wm. S. Harris, all of Fort Worth, Tex., and Rhodes S. Baker, Harold F. Thompson, and Carlton R. Winn, all of Dallas, Tex., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellants, as heirs at law of J. J. Flewellen, deceased, by summary proceedings in a bankruptcy court, sought to recover from the trustee, 200 acres of oil land, and the recoveries of oil already made therefrom, and in the alternative, damages for failure to diligently develop the property. The theory of their petition was, that the land in controversy, the north 200 acres of the original 987 acres leased by J. J. Flewellen, had been forfeited by the failure of the trustee to drill offset wells as provided for in the lease and thereafter, proceed with the development, and that having forfeited the lease, the trustee had no claim, either upon the property, or the recoveries of oil from it. The trustee defended, alleging that the lease was an entirety and indivisible, at least as to the covenant to offset, and that the development on other portions of the lease had been sufficient to comply with the offset obligation, and save the lease as a whole.

A further defense was that, though the development on the 200 acres had not been done by him or by his authority, it had been done by oil companies, claiming under the Flewellen lease by conveyances from a state court receiver purporting to be authorized to sell the property for the company; the petitioners had acquiesced in, and expressly and impliedly consented to the development and operation of the property by these companies as holders under the lease, had taken royalties throughout the period, and had in every way, recognized these companies as lawfully on the property, and lawfully holding it under the lease; and though the trustee had obtained a judgment against the oil companies as not entitled to hold the property, under their conveyance, that judgment had recognized the good faith of the oil companies in claiming and developing the property under the lease, and had established that de facto if not de jure, their operations were under the lease.

On the issue of failure to adequately develop, the trustee, denying that the property had been inadequately developed, insisted that not only had it been properly and fully developed, but petitioners had acquiesced in the development as proper. By cross action, the trustee brought in the oil companies, alleging that if the development had not been sufficient, and there was liability under the covenants of the lease, he should have judgment against them. The companies contested the jurisdiction of the court in the summary proceedings, and insisted that they could not in any event be liable to the trustee, since it had been established in the former suit between them, that there was no privity and no relation of agency between them. Upon a full hearing, the District Judge, finding generally that the development of the property by the oil companies was a compliance with the lease and there was no forfeiture of it, that there had been no abandonment of the lease by the trustee, that the covenant for offset was an indivisible covenant and the performance of it by any persons claiming under the lease satisfied the lease as a whole, that the petitioners by their dealings with the oil companies were estopped to claim otherwise, than that the lease was in full force and effect, and cannot now assert the contrary; found against the claim of forfeiture and denied any relief on that score. For further specific finding, he found that the Flewellen lease granted a twenty year term for the payment of the cash consideration named in it, and that the provision in it for an offset well was not a limitation upon its continuance, but merely a condition for the breach of which forfeiture might be demanded, and that if it could be found that the lease was breached in that respect, petitioners having taken no steps to claim a forfeiture but on the contrary, having recognized the lease as in force must be considered to have waived it. Upon the issue of damages for inadequate develop-

ment, the District Judge found that there was no implied covenant to develop within the twenty year term, because there was an express covenant in the lease as to development, within that term, to-wit, the drilling of an offset well, and this precluded the implication of any other. He found further, however, that if wrong in this, and there were implied covenants for development springing when the duty to offset arose, plaintiffs had not proved with the reasonable certainty required by law, the fact or amount of their alleged damages. He gave judgment against the plaintiffs accordingly, both on their prayer for cancellation and that for damages, and against the trustee on his cross action against the oil companies. Plaintiffs duly appealed from the decree in so far as it denied the relief they prayed for against the trustee. Neither the trustee nor the oil companies have appealed. Here, appellants vigorously insisting that the court erred, in respect to their claim for forfeiture and in the alternative in respect to their claim for damages, urge upon us: (1) that the covenant for prudent development implied in the lease arose when offset drilling became necessary; (2) that this covenant was divisible, and the lease having been assigned in parcels, each assignee was obligated as to his own tract to diligently develop it;[1] (3) that such obligation was as to the 200 acres in question, personal to the trustee in bankruptcy and could not be discharged except by him or by those acting under his authority; (4) that since the trustee denied the right of the oil companies to be on the land to develop it, and in a suit against them, obtained a judgment that they were on the land without right, he cannot rely upon and claim under the development carried on by them, but must surrender the lease as forfeited because of his failure to comply with its terms; or if the lease is not forfeited, must account in damages for failure to prudently develop it; (5) they deny that their recognition of the right of the oil companies to develop the land, and their receipt of royalties from them, estops them to claim the lease as against the trustee, insisting that however the matter might stand as between them and the oil companies, the trustee is not in privity with the oil companies and may not therefore avail himself of the estoppel claimed.

Appellee trustee disputes all of these points. Insisting that the District Judge found correctly not only against the claim of forfeiture, but against that for damages for inadequate development, he urges affirmance of the judgment. The oil companies have filed briefs in which joining with the trustee in urging that the judgment in favor of the trustee be affirmed, they insist that since no appeal was taken by the trustee from the judgment in their favor, the issues arising in the trustee's cross bill against them are not here for decision. They insist further that if they are, the court wrongly took jurisdiction of the trustee's claim against them, because it was not a matter for the exercise of summary jurisdiction, and further, that the trustee neither plead nor proved a case against them.

We think it quite plain that the decree must be affirmed. The facts are simple and without dispute. They show that, on October 31, 1919, T. J. Flewellen, in consideration of $1974 cash, executed to one Gaines B. Turner, trustee, as lessee, an oil and gas lease on 987 acres of land, and that the land in controversy is 200 acres out of that tract. The lease, for a primary term of 20 years and as long thereafter as oil and gas is found and produced, was for a cash consideration of $1974, an oil royalty of ⅛, and a gas payment of $250 per well per year. It further provided that "in no event shall the lessee and his assigns be required to exercise his option to develop said premises in less time than twenty years, unless a producing oil or gas well is brought in on an adjoining or adjacent tract of land, and that in that event the said lessee shall commence drilling an offset well within six months after such well on the adjoining tract has been brought in or else shall forfeit this lease as a penalty for such non-development."

This lease was acquired for, and became the property of the Virginia Oil and Refining Company on April 5, 1920. That Company was adjudicated a bankrupt on January 29, 1923, and this lease, as well as other large properties, was scheduled by the trustee, as the property of the Virginia Company. From time to time, beginning in 1931, the trustee sold portions of the lease. In 1931, all of the lease except the 200 acres in controversy was sold or re-

[1] Cosden Oil Co. v. Scarborough, 5 Cir., 55 F.2d 634.

leased in parcels by the trustee; 374 acres to the Simms Company, 210 to Russ et al., and 200 acres to J. J. Flewellen. In 1930, Turner who had been an officer of the Virginia Co., instituted a suit for and obtained the appointment of a receiver in the Tarrant County District Court. Under this appointment, the receiver undertook to transfer to Simms the interest of the Virginia Company in the 200 acres in controversy. This appointment was, however, later declared invalid, Berl v. Crutcher, 5 Cir., 60 F.2d 440, but the validity of the Simms transfer was not in issue or adjudicated.

In January, 1931, Flewellen filed a suit in Gregg County to cancel the lease and in a judgment entered in April, 1931, the lease was adjudicated as valid, but the ownership of the lessee interest in the 200 acres in controversy here, as between Simms and the trustee, was not determined. Thereafter, Logan as trustee, in a suit against Simms, its successor and assigns, asserted and successfully maintained, Stanolind Oil & Gas Co. v. Logan, 5 Cir., 92 F.2d 28, his title to the 200 acres in controversy. By the judgment in that suit, Logan was awarded title to and possession of the lease hold estate, and an accounting as to the oil taken therefrom by the purported assignees, with an allowance to them for the cost and expenditures for the development and operation of the property. After the suit of Stanolind against Logan had been finally disposed of in September 1937, the heirs of Flewellen joined by owners of part of the assigned royalties, all of whom had theretofore recognized Simms, Stanolind et al., as owners of the lease and as properly in possession of and operating it, and had been receiving and accepting without protest or objection the royalties provided for in the lease, brought this suit to take from the trustee, as forfeited to them, the lease and recoveries, which he had just taken by judgment against Stanolind et al.

If Stanolind et al. had recovered from Logan, it is quite clear that the plaintiffs would have had no case for forfeiture. It is their claim that since Logan, the trustee, is not in privity with Simms and Stanolind, he may claim the benefit of neither their operations on the land nor of plaintiff's acquiescence in and consent to, those operations, as sufficient and satisfactory under the lease. We do not think so. The cases on which plaintiffs relied below, Earp v. Mid-Continent Petroleum Co., 167 Okl. 86, 27 P.2d 855, 91 A.L.R. 188; Thomas v. Hukill, 34 W.Va. 385, 12 S.E. 522; Continental Oil Company v. Osage Oil & Refining Co., 10 Cir., 69 F. 2d 19, and, as appellants, rely here, are not at all in point.

In the first two cited cases, two separate leases were involved in the operations relied upon as satisfying the lease in controversy were done, not under, but adversely to it. In the third cited case, the operations relied upon were by a stranger, long after the lease had expired. Here only one lease is involved. All parties, plaintiffs, trustees, and the oil companies are claiming under it. The oil companies with the full recognition by plaintiffs and those under whom they hold, of their right and title to the lease conducted their development not adversely to, but under the Flewellen lease, accounting to and paying plaintiffs the royalties provided for in it. In the suit between Logan and Stanolind, though Logan contested Stanolind's right to develop the property as owner of the lease, the judgment in sustaining Logan's claim to the title recognized Stanolind as a good faith operator under the lease and entitled to protection for its outlays and expenditures as such. A holding that plaintiffs, as lessors, after consenting for years to the Stanolind development, as under and in compliance with the Flewellen lease, may now repudiate that long recognition and claim a forfeiture of the lease, merely because, in a controversy over the title to the lessee interest, it was adjudged that the trustee in bankruptcy, rather than Stanolind et al., was the owner of it, is, we think, without support in reason or authority. Assuming then, as plaintiffs claim, but without deciding, that the clause providing for offset drilling is divisible, and that it, within the principle of Cosden Oil Co. v. Scarborough, supra, imposes upon each holder of an assigned portion of the lease the duty of compliance as to that portion, we affirm the decree, denying the forfeiture on the ground that the obligations it imposes have been fully performed. C/f Comley v. Ford, 65 W.Va. 429, 64 S.E. 447.

On the issue of damages for breach of the covenant for prudent development, we think plaintiffs stand no better. Assuming without deciding that the clause of the lease requiring offset drilling had the effect as plaintiffs contend, of ending the primary term of the lease and raising an implied obligation to develop prudently, we think

272

it quite plain that the finding of the trial judge that plaintiffs have not competently proved the fact or extent of their alleged damages, is fully supported by the record. These views make it unnecessary for us to consider other points raised and arguments advanced on this appeal, including those raised by the oil companies who have filed briefs, as to whether, the trustee not having appealed, the judgment in their favor is here for review and whether there was error in taking jurisdiction of and entertaining the trustee's cross actions as to them. The judgment was right. It is affirmed.