Battle, J.
 

 The deed under which the defendant claims, and by virtue of which he seeks to defeat the recovery of the plaintiff’s lessor, is, as must be admitted, very informal. It is untechnical, ungrammatical, and totally at variance with all the recognized rules of orthography, and yet it may be valid, if
 
 “
 
 there be sufficient words to declare clearly and legally the party’s meaning. ’ ’ 2 Black. Com. 298. It is our duty now to inquire whether the words contained in this deed be sufficient to enable us to pronounce what is the party’s meaning. It may facilitate our inquiries to recur to fundamental principles, and ascertain what rules have been established by the sages of the law, for the construction of deeds. The three following given by Blackstone in
 
 *347
 
 his Commentaries, (2 Black. Com. 379,) and supported by many authorities both before and since his day, will be sufficient for our purpose. These rules are :
 

 1st.
 
 “
 
 That the construction
 
 he. favorable
 
 and as near the minds and apparent intents of the parties as the rules of law will admit. For the maxims of the law are, that
 
 verba intentioni debent
 
 inser-
 
 vire;
 
 and
 
 benigne interpretamur chartas propter simplicitatem lai-corum.
 
 And therefore the construction must also be reasonable, and agreeable to the common understanding.”
 

 2nd.
 
 u
 
 That
 
 quoties in verbis nulla est ambiguitas ibi nulla ex-positio contra verba fienda est;
 
 but that, where the
 
 intention
 
 is clear, too minute a stress be not laid on the strict and precise signification of.
 
 words; nam qui haeret in litera, haeret in cortice.
 
 And another maxim of law is, that
 
 mala grammatica non vitiat chartam ;
 
 neither false English nor bad Latin will destroy a deed. ’ ’
 

 3rd.
 
 “
 
 That the construction be upon the entire deed, and not merely upon disjointed parts of it.
 
 Nam ex antecedentibus et consequentibus Jit optima interpretatio.
 
 And therefore that every part of it be, if possible, made to take effect, and no word but what may operate in some shape or other.
 
 Nam verba debent intelligi cum effectu, ut res mar gis valeat quam per eat.’’
 
 ’ See
 
 Smith
 
 v. Parkhurst, 3 Atk. Rep. 135. Preston Ed. of Shep. Touch, vol. 1, p. 87.
 
 Bronson
 
 v.
 
 Paynter
 
 4 Dev.
 
 &
 
 Bat. Rep. 393.
 
 Armfield v. Walker, 5
 
 Ire. Rep. 58.
 
 Davenport
 
 v.
 
 Wynne,
 
 6 Ire. Rep.
 
 129; Kea
 
 v.
 
 Robeson,
 
 5 Ire. Eq. Rep. 373, and
 
 Brooks
 
 v.
 
 Ratcliff,
 
 11 Ire. Rep. 321.
 

 Now if we apply these rules and the principles plainly deducible from them, to the deed under consideration, we think that the intention of the parties may easily be ascertained from the words which they have employed. In the first part of the instrument, the donor gives, in language which admits of no doubt, certain slaves to his son-in-law, declaring that he 'so gives them because of the good will, favor and affection which he bears towards him. He then proceeds,
 
 “
 
 I also place and set over and appoint James M. Hines, (the defendant, his son-in-law,) agent of the hereafter named property, to be to the use and benefit of my daughter Cartha, and the lawful heirs of her body to them and their successors, to wit ” &c., naming certain slaves, and the tract of land
 
 *348
 
 now in dispute. The defendant’s counsel contends that these words contain, in substance and effect, a covenant by the plaintiff’s lessor, to stand seised to the use of his son-in-law, or of his daughter, the defendant’s wife; that the consideration is either expressed in the deed, by means of the reference to that recited in the first part, or that it is implied from the relationship of the parties apparent in the deed ; that the relationship, whether of consanguinity to the daughter, or affinity to the son-in-law, is a good consideration, sufficient to raise an use, and that therefore the deed is effectual to transfer the land either to the daughter or son-in-law; and in either case, the plaintiff’s lessor cannot recover. For these positions the counsel cites the following, among other authorities :—Bac. Abr. tit. Cov. Letter A. Platt on Cov. 3, (3 Law Library.)
 
 Bedell’s
 
 case,
 
 7
 
 Rep. 40. 2 Saund. on Uses and Trusts, 81.
 
 Milbourne
 
 v. Simpson, 2 Wils. Rep. 22. 2 Pres. Shep. Touch. 512, (31 Law Lib.) The counsel for the plaintiff’s lessor, on the other hand, contends that the words relied upon by the defendant are unmeaning, that no covenant is expressed, and that none can be implied, because it would be repugnant to the idea of an agency in the son-in-law, that no sufficient consideration appears to raise a use either to the daughter or son-in-law, and that the instrument is thefefore'void and of no effect; and he cites in support of his argument Co. Litt. 49, a., and
 
 Springs
 
 v. Hawks, 5 Ire. Rep. 30. We think that it is clear that the plaintiff’s lessor
 
 intended
 
 to give to his daughter and the heirs of her body, or to his son-in-law for the usé: of his daughter and the'heirs of her body, the land and slaves mentioned in the second part of the instrument in question-. This appears plainly from the fact, that having given certain slaves to his son-in-law in the first part of the deed, he commenced the second part with saying,
 
 “
 
 I also place &c. James M. Hines agent of the hereafter named property,- to be
 
 to me and benefit
 
 of my daughter Cartha ” &c. What could he mean, if he did not intend his daughter to' have the use of the property which he proceeds to enumerate ? The authorities cited clearly show that no particular words or form of expression are necessary to create a covenant. They show that the relationship of the parties, appearing on the face of the deed, is sufficient to manifest the consideration arid
 
 *349
 
 raise an use ; and that relationship by affinity to a son-indaW is a good consideration ; why then cannot the deed operate according to the intention of the covenantor
 
 1
 
 The parties to the deed are certain, the property intended to be conveyed is certain ; and yet we are told that because the son-in-law is appointed
 
 agent
 
 instead of
 
 trustee
 
 for the daughter, or because he stands between the father and his daughter, the property cannot go to her use. To this objection we-give an answer in the grave and emphatic language of Lord Chief Justice Willes, in the case of
 
 Smith
 
 v.
 
 Packhurst,
 
 before referred to :
 
 "
 
 Another maxim .is, that such a construction should be made of the words of a deed, as is most agreeable to the intention of the grantor; the word's are not the principal thing in a deed, but the intent and design of the grantor ; we have no power indeed to alter the words, or to insert words which are not in the deed, but we may and ought to construe the words in a manner the most agreeable to the meaning of the grantor, and may reject any words that are merely insensible. These maxims my Lords, are founded upon the greatest authority, Coke, Plowden, and Lord Chief Justice Hale ; and the law commends the
 
 astutia,
 
 the cunning of Judges in construing words in such a manner as shall best answer the intent; the art of construing words, in such a manner, as shall destroy the intent may shew the ingenuity of, but is very ill becoming a Judge.” An instance of this
 
 astutia
 
 is given by Blackstone, 2 Com. 298, when he says that by the grant of a remainder, a reversion may well pass and e converso. In the deed before us the intent of the father'to give property to the use of his daughter is plain, and that intent may be effectuated, by construing the word
 
 agent
 
 to mean
 
 trustee,
 
 and it may be so construed without doing much violence to its proper meaning ; for a trustee is in some sort an agent to manage property for the benefit of another.
 

 We think that we can do this, and that we ought to do it, and thus escape the condemnation pronounced upon Judges who exercise their ingenuity in construing words so as to destroy, instead of to give effect to the intention of parties as manifested in their deeds. Whether the operation of the deed was to vest the legal estate in the defendant in trust for his wife and her heirs, or whether she took the legal estate so as to give him a life estate as
 
 *350
 
 tenant by the curtesy, the lessor of the plaintiff cannot recover. The judgment in favor of the lessor must therefore bo set aside, and judgment of nonsuit be entered according to the case agreed.
 

 Pek Curiam. Judgment accordingly.