Battle, J.
 

 The bill of exceptions in this casé, presents the question, whether an instrument, in the form of a sealed, promissory note, given by one partner, in the partnership name, and for a partnership debt, but without any authority to bind the other partners by a deed, is the bond of the partner who signed it.
 

 
 *484
 
 Mr. Collyer, in bis valuable work on partnership, says that “ where a partner- executes a deed for hirnself and his copartner, it has frequently been decided that he himself is bound, though his copartner is not.” Coll, on Pars. p. 444, sec. 471, Perkins’ Edition. Several cases have been referred to by the counsel for the plaintiff, in this and other States of the Union, in which similar language has been used. In North Carolina, the rule, though so stated, has never been directly adjudicated. See
 
 Blanchard
 
 v.
 
 Pasteur,
 
 2 Hay. p. 590 of the 2nd. Edition.
 
 Person
 
 v.
 
 Carter,
 
 3 Murph. Rep. 321.
 
 Horton
 
 v.
 
 Child,
 
 4 Dev. Rep. 460.
 
 Spears
 
 v.
 
 Gillett,
 
 1 Dev. Eq., 466.
 
 Wharton
 
 v.
 
 Woodburn,
 
 4 Dev. & Bat. Rep.,
 
 507
 
 and
 
 Fronebarger
 
 v.
 
 Henry,
 
 6 Jones’ Rep. 548. The only English case relied upon for his position, by Mr. Collyer, is
 
 Elliot
 
 v.
 
 Davis,
 
 2 Bos.
 
 &
 
 Pul. Rep., 338, and it is necessary that we should examine that case with some care; for by a proper analysis of it, we apprehend that the true rule, upon the subject which we are now discussing, may be ascertained and applied. It was an action of debt on a bond, to which the defendant pleaded the general issue of
 
 non est factum.
 
 On the trial, it appeared that the bond sued on was given to the plaintiff by the defendant, as surety for a third person; that previous to its execution, the defendant having brought it to the plaintiff’s counting house, filled up with his own name only as a surety, it was objected on the part of the plaintiff, that he meant to have the joint security of the defendant and his partner, one Marsh; that upon this objection being made, the bond was, with the consent of the defendant, but in the absence of Marsh, altered into a joint and several bond in the name of the defendant and Marsh, and being signed by the defendant, “ Davis & Marsh,” was, by the former, regularly sealed and delivered as his deed; and that Marsh, on being informed of the transaction, expressed his disapprobation of what the defendant had done. Upon this evidence, it was insisted, on the part of the defendant, that there was no regular single execution of the bond, there being but one seal, against which were set the names of “ Davis
 
 &
 
 Marsh,” and that the execu
 
 *485
 
 iion, therefore, being insufficient, as against both, was insufficient also as against the defendant. A verdict was found for the plaintiff, with leave to the defendant to move to have the verdict set aside and
 
 a
 
 nonsuit entered. Accordingly, a rule
 
 nisi
 
 having been obtained for that purpose, on a former day, it came on to be argued, and was argued before the Court of Common Pleas by counsel on both sides, when Lord Eldon, who was then the Chief Justice of that'Court, pronounced for himself and his brethren, the following opinion.
 

 “ The alteration which was made in the bond, appeals to ■have been as much the act of the defendant as of the plaintiff, so that no argument in his fav-or can be drawn from that circumstance. His single security being objected to, he offered to execute a bond for himself and his partner, Marsh, having no authority from the latter to bind him. The way in which the obligation begins is this :
 
 ‘
 
 Know all men by these presents, I, T. Davis and G-. Marsh,’ &c. The defendant meant it to be his several bond, and the joint and several bond of ■himself and Marsh. Having no authority to bind Marsh, the bond becomes the several bond of the defendant, but not the joint and several bond of himself and Marsh. The bond being sealed and delivered is sufficient, and we would, if it were necessary, hold him to have described himself by the name of
 
 ‘
 
 T. Davis and G-. Marsh,’ and to be estopped from showing that his name is T. Davis only.”
 

 It is apparent, from this case, that one partner may bind himself by deed, by signing it in the name of the partnership, provided, he seal and deliver it as his own deed, as well as that of the partnership, and he will be bound 'by the instrument, though the other partner or partners will not, unless he had their authority, under seal, to execute for them. That is the true rule, and it is in accordance with the well established principles which govern the execution of deeds. A deed is a written instrument, signed, sealed and delivered by the parties, and on account of its solemnity, it estops them from decaying anything therein asserted. But, in order to have this ■.sffeet, it must be signed, sealed and delivered as the deed of
 
 *486
 
 him who is to be bound by it. If it be delivered as the deed of another, and in the name of another, we apprehend it would not bind the person who signed and sealed it, because it was not executed as his deed. He did not intend to be bound by it, and the party to whom it was delivered did not intend that he should be bound by it, and it would' be strange that it should operate contrary to the intention of both the parties to it. See
 
 Delius
 
 v. Clawthorn, 2 Dev. Rep., 90. It is true that one person may bind himself by deed for another, as for instance, an agent for his principal, but to do so, he must purport and intend to bind himself by signing and sealing the instrument with his own name, and with his own seal, and then deliver it as his own deed.
 
 Appleton
 
 v.
 
 Binks, 5
 
 East. Rep., 148. So, one partner may bind himself by deed for the firm, and he will be bound if he sign, seal and deliver it as his own, though he may also intend that it shall operate as the deed of the partnership ; but it would be against principle, to hold him bound by an instrument, which, upon its face showed that he did not sign, seal and deliver it as his own individual deed, but as the deed of the partnership of which he was a member. In the case before us, the instrument sued on is in that simplest form of a promissory note, commonly called a due bill. As such it was intended to be given by the makers and to be received by the payee. The addition of a seal altered its character, and made it a bond, but it was not sealed and delivered as the deed of the defendant, Pender, but of the firm of which Pender and Bryan were members. There is nothing on the face of the instrument to show that the plaintiff received it otherwise than as the deed of the partnership, and in that particular it differs essentially, as we have already seen, from the case of
 
 Elliot
 
 v.
 
 Davis,
 
 upon which we have heretofore commented. It was upon the principle that the instrument, in the case of
 
 Sellers
 
 v.
 
 Streator,
 
 5 Jones’ Rep. 261, did not purport to be, and was not intended to be, the individual bond of the member of the partnership who signed and sealed it, that we held that it could not be treated as his bond, and upon the same principle, the present case must be deei
 
 *487
 
 ded against the plaintiff. In all the other cases in this State, in which it was incidentally said, (for in none of them was it directly decided,) that a member of a partnership might bind himself by a bond, by signing, sealing and delivering in the partnership name, the distinction was not adverted to be' tween a case like that of
 
 Elliot
 
 v. Earns, and one like
 
 Sellers
 
 v.
 
 Streator,
 
 or the present. If the party intend that the instrument shall operate according to its purport, as his bond, it shall do so, and none the less because of his intending it to operate as the bond of the other partners also ; but if it were his intention, as appears from the instrument itself, that it should bind the firm, and not himself alone, then it shall not be taken to be his individual bond. When thus executed for the purpose of securing a partnership debt, although it cannot be sued on as a bond of the firm, or of the partner who signed and sealed it, yet in an action on the contract, express or implied, which created the debt, it may aid other evidence of the contract, by showing the amount of the debt, and the time of the payment agreed on. See
 
 Fronebarger
 
 v. Henry,
 
 ubi supra.
 

 Pee Curiam,
 

 Judgment affirmed.