## LAMBERT *v.* SMITH.

### DEED—CONSIDERATION—BARGAIN AND SALE—INTENT.

A deed of bargain and sale is void for want of a valuable consideration expressed therein, unless such consideration is prooved or shown to exist.

The insertion of such consideration in the deed is merely ceremonial, and the amount is not material, but it must be expressed in the deed or proven independently of it.

A deed inoperative as a bargain and sale for want of consideration expressed, if it contain other apt words, may enure and be operative as a grant or feoffment, in which no consideration need be stated to carry into effect the intent of the parties.

By the word intent is not meant the intent of the parties to pass the land by this or that particular kind of deed, or by any particular mode, or form of conveyance, but the intent that the land shall pass at all events, one way or the other.

### GRANT, SELL AND CONVEY.

The use of the word " convey " in a deed is equivalent to a *grant* at common law, and passes the title, and " is, in meaning and effect, sufficient to answer the requisites of a grant of common law."

A deed containing the words " bargain, sell and convey " is operative as a grant.

### COMMON LAW—STATUTE OF USES.

When conveyances may operate either at common law or by the statute of uses, the former generally prevails.

APPEAL from Yamhill. The facts are stated in the opinion.

*Fenton & Magers*, for appellant.

Appellant relies upon only one assignment of error, that is,

that the court erred in rejecting the deed marked exhibit " E," and instructing the jury that it was void for want of consideration expressed. No objection was made to this deed other than that there was no consideration expressed in it. (On this point see 8 Or., 428; 50 Cal., 429, 450; 52 Cal., 496, 672.)

And if the only object of expressing a consideration in a deed of bargain and sale, after the statute of uses, was to prevent a resulting trust in the grantor, this is no longer essential. Our statute goes further, and declares that a seal is primary evidence of a consideration. It affirms the old common law doctrine that obtained before the statute of uses. (Code, sec. 1, p. 515, sec. 743, p. 258; 102 Mass., 541; 9 Kansas, 26; 11 Maine, 320; 2 E. D. Smith, 416.)

*E. C. Bradshaw,* for respondent.

The pretended deed from W. R. Smith and wife to the appellant, was void for the reason that there was no consideration expressed therein. In a deed of bargain and sale, or for any interest in land, there must be a consideration expressed. (Code, p. 264, sec. 775, sub. 6; 3 Wash., 320, 321, 322–329; 2 Black, Com., 338; 4 Kent's Com., 460.)

By the Court, LORD, C. J.:

The facts in this case are that the plaintiff brought an action in the usual form to recover certain real property described in the complaint. The answer of the defendant denies all the allegations in the complaint, and alleges, separately, that he is the owner in fee simple and in possessson of said premises. The reply denies the new matter set up in the answer.

The cause was tried before a jury, who, under instructions of the court, returned a verdict for the plaintiff.

The bill of exceptions shows that the plaintiff introduced as evidence a deed from Jonathan Smith and wife to William R. Smith, of date February 23, 1878, of the land described in the complaint, also that the plaintiff recovered judgment for a certain sum of money therein named, against the said Wil-

liam R. Smith, on the 6th day of January, 1880; that execution was issued thereon, that the property described in the complaint was levied on and sold at sheriff's sale, and that the plaintiff was the purchaser of the same; that an order of confirmation of said sale was duly made by the court, and that subsequently the sheriff executed a deed to the plaintiff of the said premises; whereupon the plaintiff rested his case, and the defendant offered in evidence a deed from William R. Smith and wife to the defendant, of date December 19, 1879, to said premises, which was objected to on the ground that no consideration was expressed in said deed, which the court sustained, under exception, and the deed was rejected.

The only assignment of error relied upon is the rejection of the deed executed by W. R. Smith and wife to the appellant to the land in question. The deed is in the usual form of bargain and sale, except no consideration is expressed in the deed, and the record discloses that the appellant rested without offering to prove a consideration. The words used in the deed are, " have bargained, sold and conveyed, and by these presents do bargain, sell and convey, to Jonathan Smith, the following described premises," etc.

Chancellor Kent, in his commentaries, says : " There are some deeds to the validity of which a consideration need not be stated. It was not required at common law in feoffments, fines, and leases, in consideration of the fealty and homage incident to every such conveyance. The law raised a consideration from the tenure itself, and from the solemnity of the act of conveyance. (Kent's Com., 465.)

At common law a consideration was presumed in all cases of contract by deed, irrespective of the fact whether the contract by deed was executed or executory. A deed of feoffment, or grant, which were common law conveyances, required no consideration to be expressed. The other modes of conveyance, such as fine, recovery, lease and release, covenant to stand seized, and bargain and sale, which were subsequently resorted to, grew out of statutes, or originated in fictions of

the courts, as has been said, to get rid of the statutes, required no consideration to be expressed, except in the two solitary cases of covenant to stand seized, and bargain and sale. Of these two forms of conveyance, the consideration of natural love and affection, between near relatives by blood, and also by marriage, was sufficient to support the covenant to stand seized, and the deed of bargain and sale was the only form of conveyance which required a valuable consideration to support it.

It becomes important, then, to inquire the reason of this exception, in deeds of bargain and sale. Some time before the reign of Henry the Eighth, it is said in Burton on Real Property, the court of chancery had begun to exercise a jurisdiction over land by virtue of its own power as a court of equity, and through the inability of the courts of law to compel the conscientious performance of agreements. The considerations which were thought sufficient for giving obligatory effect to such agreements, were of two kinds. They consisted either in money or money's worth, or the affection which a party had for his wife, or any of his relatives. Hence there arose two new modes of conveyances, which, though disregarded by the courts of law, were operative in equity, viz., a bargain and sale for a valuable consideration, and a covenant to stand seized to the use of a relation, etc. Now it is plain that prior to the enactment of the statute of uses, that a bargain and sale of land was nothing more than a contract to convey land, which, if made upon a valuable consideration, a court of chancery would enforce the contract by decreeing a legal conveyance.

"Upon the payment of a valuable consideration, a bargain might be made by the owner of land, with a bargainee, to sell it, and a use would be thereby created. By the court of equity the holder of land would be coerced according to the trust, to allow the beneficiary to enjoy the land, or to convey it to him." (*Ocheltree* v. *McClung*, 7 West Va., 237.)

The payment of a valuable consideration was an important

factor in creating the use—which the courts of chancery held to raise the use—and to authorize the equitable jurisdiction of the court to carry the contract into effect.

Thus matters stood until the enactment of the statute of uses, 27 Henry 8, which by an exercise of legislative power, converted equitable into legal estates. Under this statute the instrument or deed, founded upon a valuable consideration, gives or creates the use, and the statute, supplanting the court of chancery, immediately adds the legal estate.

As said in the Touchstone, " the effect of this bargain and sale is. to transfer the use, and by means of the statute of uses, the property—the legal estate." (Sheppard's Touchstone, 222.)

Where, then, a deed of bargain and sale is executed upon a valuable consideration, a use is raised in the bargainee, to which the statute, superseding the action of a court of chancery, immediately transfers the legal estate. This is why it is said that the necessity of a consideration came from the courts of equity, where it was held requisite to raise a use, and when uses were introduced at law, the courts of law adopted the same idea, and held that a consideration was necessary to the validity of a deed of bargain and sale. (4 Kent's Com., 543.)

If there is a valuable consideration, although it is not expressed in the deed, it may be averred, and if proved, the bargain and sale is good, but it must exist. (Sheppard's Touchstone, 323; Smith on Real Property, 523; Kent's Com., 543; *Van Rensalaer's Ex.* v. *Gallup*, 5 Barb., 459.)

But it is claimed that the seal imports a consideration, and renders it unnecessary that a consideration should be expressed or proven to exist, in a deed of bargain and sale; that the seal attached to a deed must be held to be conclusive proof of a consideration, except when the deed is attacked in a direct proceeding to set it aside in equity.

The general principle of law is that a consideration is essential to every contract. It is true, it is stated in Chitty on

contracts, (6) that in case of a contract not under seal, a consideration is absolutely necessary to give it validity, whereas, a writing sealed and delivered is supposed to express fully and absolutely the intention of the parties by whom it was executed. But the fact that no consideration need be expressed in a sealed instrument, does not preclude the essentiality or existence of a consideration of some sort. We take it that the idea of the law is, that the act of sealing is a solemn and deliberate act, which implies caution and fullness of assent, and hence the doctrine of the law that the seal imports, or is itself evidence of a consideration. For this reason it is not essential to the validity of a sealed contract that the consideration should be stated. This is how it comes that deeds at common law did not require any consideration to be expressed, but the consideration would be presumed.

But, as before observed, deeds under the statute of uses constitute an exception to other conveyances, growing out of the reason of their origin, and the adoption by the courts of law of the rules applied in equity, after the enactment of the statute of uses. Prior to that statute, it was upon the payment of the consideration that a bargain was made, or that an agreement to sell land raised a use in the bargainee, of which a court of chancery took jurisdiction, and would decree a legal conveyance. The statute superseded, took the place of the decree, and annexed the legal estate to the use, but without changing or affecting the nature of the evidence required to raise the use. This is the reason why courts of law retained the doctrine of equity, and required, where the contract of sale became one act under the statute of uses, that the same evidence of a consideration should be necessary to support a deed of bargain and sale.

The insertion of a consideration in a deed is merely ceremonial, and the amount is not material. A " pepper corn " is said to be sufficient, but it must be expressed in the deed, or proved independently of it. (*Wood* v. *Chapin*, 3 Kernan, 517; 5 Barber, 459; *Jackson* v. *Fish*, 10 Johns, 456.)

In the case under consideration, the respondent objected to the introduction of the deed in question, upon the ground, " that said deed contained no consideration, and was void for want of a consideration expressed," which objection the court sustained, under exception, and the deed was rejected. The record does not disclose any offer by the appellant to prove a consideration independent of the deed, and in the absence of such offer, and the want of a consideration expressed in the deed, if the deed be one of bargain and sale only, it is inoperative as such, and the ruling of the court was not error. If a consideration in fact existed, although not expressed in the deed, the authorities agree that it might be proved, and in the absence of such proof, the deed was, as the court said, " void on its face," considered only as a deed of bargain and sale.

In this state the statute of uses has not been adopted in terms; but conceding the fact, without deciding it, that it does constitute a part of our common law, the question arises whether the deed which was rejected, if inoperative as a bargain and sale for the want of a consideration expressed, may not, to carry into effect the intent of the parties, be operative and valid as a grant in which a consideration will be presumed. The courts are said to be anxious so to construe deeds as to carry into effect the intent of the parties, if it do not contravene any fundamental rules of law. (4 N. H., 28.) And " by the word intent is not meant the intent of the parties to pass the land by this or that particular kind of deed, or by any particular mode or form of conveyance, but the intent that the land shall pass at all events one way or the other." (4 N. H., 21, and authorities cited.)

Our statute designates no forms in which the conveyance shall be made, except that it shall be made by deed. (Oregon Code, 515.)

In *Field* v. *Columbet*, 4 Sawyer, 527, Judge Field says : " Any words in a deed indicating an intention to transfer the estate, interest or claims of the grantor will be a sufficient conveyance, whether they be such as were generally used in a

deed of feoffment, bargain and sale, or of release, irrespective of the fact of possession of the grantor or grantee, or of the statute of uses."

In Lomax's Digest it is said, when a deed may enure in different ways, the person may have his election which way to take it. Thus, if a deed be made by the words *dedi et concessi*, this in law may amount to a grant, feoffment, gift, lease, release, confirmation or surrender, and it is the choice of the grantee to plead or use it in one way or the other. And in the application of these principles of construction to carry into effect the interest of the parties, if a deed of bargain and sale be inoperative for the want of a consideration expressed, and there are other sufficient words in the deed to create a grant or feoffment in which a consideration will be presumed, the courts will not hesitate to give effect and make operative such words, when it is plain that the parties intended the deed as an effective conveyance. A deed of bargain and sale may operate as a feoffment, if it contain, among its operative words, " give and grant," and is accompanied by livery of seizin proved or presumed. (1 H. and J., 527.)

Our registry laws have dispensed with the common law requisite of livery of seizin, and is the equivalent to it. So, too, " a gift " may be good without a consideration, being in effect a deed of feoffment. (5 Iredell, 30.)

In *Berry* v. *Price*, 1 Mo., 555, the deed was inoperative as a bargain and sale, and the court say: " So then the deed stands without a consideration expressed on the face of it. But no consideration was proved on the trial. We must take the record as it is, and for the want of this, the deed cannot have effect as a bargain and sale. Can it then enure as a deed of feoffment? " Again, " in this deed the words are ' grant bargain, sell and enfeoff,' so that there are clearly words here sufficient to create a feoffment. If this deed is to be considered a bargain and sale, what is to be done with the words ' grant and enfeoff?' They will have no effect; but give them effect, and the deed operates as a feoffment."

In the deed under consideration, the operative words are, "bargain, sell and convey." In a note to Cornish on Purchase Deeds, it is said that the only accurate words in a deed of bargain and sale are, "bargain and sell," as where conveyances may operate, either at common law or by statute, the former generally prevails, and cites 8 Rep., 93; C. Litt, 272, *a.* So that if there are other words than "bargain and sell," such as "grant," or "enfeoff," and the deed may operate, either under the statute of uses, or at common law, the common law mode of conveyance will be preferred. Certainly, then, if the deed is inoperative under the statute, for want of a consideration expressed, and there are other apt words which would make the deed a valid conveyance at common law, they ought to prevail.

What, then, is to be done with the word convey, and is it the equivalent of grant? In a conveyance the word *convey* means to transfer the title or property. (Burrell's Dict.) And in *Edelman* v. *Teakel,* 27 Penn. St. R., 27, Judge Black says: "The word convey means to transfer title from one person to another." This is giving the same legal effect to the word *convey* as *grant,* which has "become a generic term, applicable to the transfer of all classes of real property." (3 Wash. on Real Property, 163.)

In New York the operative word of conveyance is *grant ;* but Chancellor Kent says: "As other modes of conveyance operate equally as grants, any words showing the intention of the parties would be sufficient," and in the note it is said that the word *convey,* or the word *transfer,* would probably be sufficient; that is, as we understand, would have the force and effect of *grant.* (4 Kent's Com., 492.)

The word, then, "convey," or "transfer," in a deed, is of equivalent signification and effect as *grant.* To construe the deed simply as a bargain and sale is to ignore the word "convey," and to give it no effect in the conveyance which is executed with the formalities required by the statute. The deed does not contain the word *grant,* but it does the word *convey,*

.which is a word of present conveyance, and the equivalent of transfer or grant.

In *Patterson* v. *Cornelius' Heirs*, 3 A. K. Marshall, 621, it is held that the use of the word " convey " is equivalent to a grant at common law, and passes the title. The court say: " Especially the term ' convey,' we conceive, is in meaning and effect sufficient to answer the requisites of a *grant* at common law."

The deed is executed and acknowledged with the solemnities required by the statute, and contains a word which indicates an intention to pass the title, to " convey;" that is, grant or transfer the estate. If the word *grant*, instead of the word *convey*, had been used in the deed, there would be no difficulty in declaring it operative as a grant at common law. What reason is there, then, if the word *convey* is the equivalent of a *grant*, at the common law, that the intent of the parties may not be carried into effect, by declaring this deed to operate as a grant? The words " bargain and sell " may be stricken out and the deed is still complete as a " conveyance," and by the term " convey." operate as a grant. (Code, 523, sec. 57.)

It follows that the judgment of the court below must be reversed and a new trial ordered.