MAXTON REALTY COMPANY v. J. W. CARTER ET ALS.

(Filed 3 November, 1915.)

**1. Deeds and Conveyances—Registration—Judgments—Liens—Interpretation of Statutes.**

Where a judgment is obtained against a grantor of lands subsequent to the execution of the conveyance, but prior to the time of its registration, the lien of the judgment has priority over the title of the grantee, and the lands conveyed are subject to execution under the judgment.   Revisal, section 980.

**2. Deeds and Conveyances—Husband and Wife—Gifts—Resulting Trusts.**

The law regards a purchase of lands by the husband, with his own money, and the conveyance thereof made to the wife, as a gift to the wife, and not as creating a resulting trust in his favor.

**3. Same—Judgment Debtor—Estoppel.**

When the original owner of lands has sold and conveyed them to the plaintiff, and the defendant is a judgment creditor of the plaintiff's grantor, having a lien superior to the plaintiff's title, and some of these lands had been sold and conveyed by the plaintiff to the defendant's wife, but paid for by him, the fact that the defendant paid the purchase price for his wife's land creates no estoppel which would prevent his collecting his judgment out of the remaining lands owned by the plaintiff.

**4. Registration—Maps—Title—Color—Unregistered Deeds.**

A plat or map of lands professes to pass no title to the lands platted, and does not constitute color of title thereto; and the registration of the map cannot supply the lack of the registration of the deed conveying the lands platted.

APPEAL by plaintiff from *Whedbee, J.,* at the September Term, 1915, of ROBESON.

Civil action, brought to enjoin a sale under execution of certain property described in the complaint, heard upon a demurrer *ore tenus* to the complaint upon the ground that it fails to state a cause of action. His Honor sustained the demurrer and dismissed the action. Plaintiff appealed.

*McLean, Varser & McLean for the plaintiff.*

*McLean & McKinnon, McIntyre, Lawrence & Proctor for the defendants.*

BROWN, J. The allegations of the complaint, stated succinctly, set forth that Wilkinson and others owned a certain tract of land described in the complaint, which was sold by them to the plaintiff in 1909. The deed to the plaintiff was recorded 4 May, 1915. The plaintiff subdivided this land into lots, had a map of the premises made and recorded the map in the book of official maps in the register's office of Robeson County, and thereafter had a sale of some of these lots.

Several of the lots were purchased by Lena B. Carter, wife of the defendant, and the title was made direct from the Realty Company to her. It is alleged that the husband paid the purchase money. It is further alleged that a part of the purchase money received by Wilkinson from the plaintiff was paid to the defendant Carter by the said Wilkinsons upon a debt which they owed him.

At March Term, 1915, of Robeson Superior Court, defendant Carter obtained judgment against the said Wilkinsons, the original owners of the land, and this judgment was duly docketed prior to the date when the deed from the Wilkinsons to the plaintiff was registered. Execution was issued upon this judgment and levied upon the part of the lands now owned by the Realty Company, the plaintiff, and acquired from the Wilkinsons. In this action the plaintiff seeks to enjoin the sale of them.

It is manifest to us that the complaint sets forth no cause of action.

The docketing of the judgment was prior to the registration of the deed, which gave the judgment a prior lien. It has been repeatedly held that a judgment taken and docketed after the delivery of the deed but prior to its registration is a superior lien upon the land. *Tarboro v. Micks,* 118 N. C., 162; *Bostic v. Young,* 116 N. C., 766; *Francis v. Herren,* 101 N. C., 497.

The registration of the map cannot supply the lack of registration of the deed. The map professes to pass no title and is not even color of title. *Williams v. Scott,* 122 N. C., 545.

The fact that Carter's wife purchased some of the lots creates no estoppel upon the part of the husband which would prevent his collecting his judgment out of the lands belonging to the plaintiff. The wife did not hold the lots which had been conveyed to her by the plaintiff in trust for her husband. The fact that the latter paid the purchase money does not create a resulting trust in his favor. The law regards it as a gift to the wife. *Arrington v. Arrington,* 114 N. C., 116.

The rights of the parties depend solely upon the registration laws. Rev., section 980. It is solely on account of a failure to comply with this statute that the plaintiff's land may be subjected to the payment of the Carter judgment against the Wilkinsons.

Affirmed.