JOHN B. PEEL AND WIFE, LIZZIE PEEL; ED BULLOCK, SURVIVING HUS-
BAND OF CARNEY PEEL BULLOCK; NAOMI BULLOCK MOORE;
WINSLOW BULLOCK; ANNIE MAY BULLOCK; JOHN BULLOCK;
ROMEO BULLOCK; THE LAST THREE PERSONS NAMED BEING MINORS,
APPEARING BY THEIR NEXT FRIEND, ED BULLOCK, v. J. D. CALAIS AND
WIFE, ISABELLE C. CALAIS; CHARLES T. HOYT; MARJORIE HOYT
CARTER AND HUSBAND, H. C. CARTER III; ISABELLE B. HOYT, A
WIDOW; AND DR. H. C. NEBLETT.

(Filed 22 September, 1943.)

1. Deeds §§ 11, 12: Boundaries § 3a—

Every deed of conveyance must set forth a subject matter, either certain in itself or capable of being reduced to a certainty by a recurrence to something extrinsic to which the deed refers. The description must identify the land or furnish the means of identifying, under the maxim *id certum est quod certum reddi potest*, the *locus in quo*.

2. Ejectment § 15: Boundaries § 3e—

When resort is had to evidence *aliunde* to make the description in a deed complete, the weight and credibility of the evidence thus offered is for the jury.

3. Ejectment § 15: Trial § 22b—

In a petition for partition, converted into an action in ejectment by defendants' plea of sole seizin, where a common source of title is admitted and the description, in the deed relied upon by defendants, does not sufficiently identify the *locus in quo* as a part of the land conveyed, without resort to evidence *dehors* the deed of defendant, a judgment of nonsuit as to plaintiff is erroneous.

APPEAL by plaintiffs from *Bone, J.*, at February Term, 1943, of BEAUFORT. Reversed.

Petition for partition in which the defendants answered, pleading sole seizin. Upon the issue thus raised the cause was transferred to the civil issue docket for trial as in ejectment.

The plaintiffs are heirs at law of one R. C. Peel, deceased. The defendants claim title to the land in controversy by *mesne* conveyances from Samuel Peel, one of the children of R. C. Peel.

In 1910 R. C. Peel owned a tract of land in Beaufort County on the south side of the Military Road and extending to a line 60 feet north of the high water mark of Pamlico River. His father devised to him the adjoining strip of land 60 feet wide bounded on the north by the first tract and on the south by Pamlico River, which tract was used in connection with or as a part of a fishery.

On 28 December, 1910, Peel conveyed to his daughter a tract of land containing 20 acres, being approximately the middle third of the first tract. On the same date he executed and delivered to his son, Samuel Peel, a deed containing the description as follows: "A certain tract or parcel of land in Beaufort County, State of North Carolina, adjoining the lands of Samuel Peel, R. C. Peel, and others, and bounded as follows, *viz.*: Beginning on Griffin's line 30 feet from the high water mark; thence an easterly course, 30 feet from the water, to John Peel's line; thence beginning at a stake on this line 300 feet from John Peel's line and running a northerly course to the Military Road, to a stake 300 feet from John Peel's line; thence with said line to the river, containing 22 acres, more or less."

The petitioners instituted this action for the partition of the second tract 60 feet wide extending along the banks of Pamlico River, said strip being described in the will of George Peel and in the petition as follows: "A strip of land lying on Pamlico River, and running back from said river a distance of 60 feet, bordering on the east by the land conveyed by me to John B. Peel; on the north by my own land; on the west by Ellen Griffin's land; and on the south by Pamlico River."

In the trial below plaintiffs offered the will of George Peel showing the devise of the land in controversy to R. C. Peel and evidence of their relationship as heirs at law of said Peel, together with certain oral testimony tending to locate said devise. The defendants offered certain record evidence and oral testimony.

At the conclusion of all the evidence the court, on motion of the defendants, entered judgment of nonsuit, and the plaintiffs excepted and appealed.

*John H. Bonner and H. S. Ward for plaintiffs, appellants.*

*Grimes & Grimes and Rodman & Rodman for defendants, appellees.*

BARNHILL, J. It is conceded that R. C. Peel owned the land in controversy. He is the common source of title. Plaintiffs claim as his heirs at law. The defendants claim by *mesne* conveyances from Samuel Peel. Apparently, on this record, plaintiffs concede that the Peel deed contains a description sufficiently definite to convey the eastern portion of the first tract, containing approximately one-third thereof. At least they make no claim thereto. They contend that the description does not embrace the second or fishery tract and that it is too vague and uncertain to admit of parol evidence "to fit the description to the thing." Hence the merits of this appeal turn upon the correct interpretation of the deed from R. C. Peel to Samuel Peel.

"Every deed of conveyance must set forth a subject matter, either certain in itself or capable of being reduced to a certainty by a recurrence to something extrinsic to which the deed refers." *Massey v. Belisle,* 24 N. C., 170; *Wharton v. Eborn,* 88 N. C., 344. The description must identify the land or furnish the means of identifying under the maxim, *id certum est quod certum reddi potest,* the *locus in quo. Dickens v. Barnes,* 79 N. C., 490; *Self Help Corp. v. Brinkley,* 215 N. C., 615, 2 S. E. (2d), 889, and cases cited.

It is a well recognized principle of law that when the description in a deed is not sufficient in itself to denote the land conveyed resort may be had to extrinsic evidence when the description furnishes the means of identification—that is, when the ambiguity is latent, parol evidence is admissible to fit the description to the land. *Self Help Corp. v. Brinkley, supra,* and cases cited; *Kea v. Robeson,* 40 N. C., 373; *Harrell v. Butler,* 92 N. C., 20.

But when resort is had to evidence *aliunde* to make the description complete, the weight and credibility of the evidence thus offered is for the jury. Hence it follows that if the description contained in the deed does not sufficiently identify the *locus in quo* as a part of the land conveyed without resort to evidence *dehors* the deed the nonsuit must be reversed.

The specific description begins on Griffin's line 30 feet from the high water mark and runs thence an easterly course 30 feet from the water to John Peel's line. There is more than one body of water and many high water marks in Beaufort County. To which high water mark and to what body of water is reference made? Perhaps this defect is supplied by the admission of the plaintiffs that reference is had to Pamlico River and that the beginning point is at the letter "B" on the court map, and that the first call runs from "B" to "I" as shown on the map. Even so, it does not so appear on the face of the instrument. The description then retraces this line 300 feet to another beginning point and runs thence a northerly course to Military Road, to a stake 300 feet from

HAT CO., INC., *v.* CHIZIK.

John Peel's line; thence with said line to the river. If we adopt the view that the last call is for John Peel's line then there is no call from the point on Military Road to John Peel's line.

But this is not the material defect as it affects this controversy. The last call, "with said line to the river," assuming that it is the John Peel line to which reference is made, "overshoots" the point "I," which is the terminus of the first line, and extends to the river. The call for the river is as the terminus of a line and not as a natural boundary. There is no language used sufficient to extend the line from that point so as to enclose the *locus in quo.* Even if we concede that the general description "adjoining the lands of John Peel, Griffin, and others" is sufficient, by resort to extrinsic evidence, to supply the line from the original beginning point to the river on the western side of the land in controversy, the fact still remains that there is no attempt to close the calls so as to embrace the land along the river. Hence the deed does not set forth any subject matter certain in itself.

Whether the description contains latent ambiguities which may be explained by evidence *aliunde* is not presented for decision on this record. If we concede that such ambiguities exist and that the deed furnishes the means of identifying the land, resort must be had to extrinsic evidence, the weight and credibility of which must be submitted to the jury.

Of course, when the plaintiffs are relying on testimony *aliunde* to supply defects in a description and fail to offer sufficient evidence to be submitted to the jury a nonsuit is proper. But such is not the case here. The defendants rely upon the deed in question. They are the ones who seek to identify the land described. Failure of proof in this respect aids the plaintiffs.

The plaintiffs are entitled to have their cause submitted to a jury. To that end the judgment of the court below is

Reversed.