NEW HOME BUILDING SUPPLY COMPANY, INC. v.
BERTHA LAPISH NATIONS.

(Filed 14 June 1963.)

**1. Deeds § 26—**

　　An instrument conveying standing timber must meet the requirements for a valid conveyance of realty.

**2. Deeds § 1—**

　　A deed is an instrument in writing containing operative words of conveyance sufficient to indicate the grantor's intent to convey, which instrument must be signed, sealed and delivered by the grantor, and must contain a description sufficiently certain within itself or by reference to something extrinsic to which it refers to identify the thing granted.

**3. Same;    Deeds § 26—**

The grantee in a timber deed in regular form endorsed on its reverse side the date and a statement that he did "hereby transfer this deed in its entirety to" a designated person, and signed same under seal. *Held:* The endorsement being under seal and containing operative words of conveyance and identifying the thing conveyed by reference, is sufficient in law to convey the timber interest.

**4. Registration § 2—**

A timber deed in regular form having a valid assignment of the timber rights by the grantee in the deed endorsed on its back was duly registered, and the endorsement was transcribed on the records with the deed. *Held:* Even though the endorsement be sufficient as a conveyance of the timber rights, the endorsement was not acknowledged, and therefore there was no registration of the endorsement so as to defeat the rights of the creditors of the grantee in the deed. G.S. 47-1, G.S. 47-12, G.S. 47-13, G.S. 47-18, G.S. 47-20.

**5. Registration § 5—**

The original grantor may not defeat the title of his grantee's transferee for value on the ground that the grantee procured the execution of the instrument by fraud and that the conveyance by the grantee was not registered, there being no contention that the transferee participated in any fraud or that the original grantor had reduced her claim against her grantee to judgment or filed *lis pendens.*

APPEAL by plaintiff from *Armstrong, J.,* October 8, 1962 Term of GUILFORD.

This action was instituted on May 14, 1962 under the Uniform Declaratory Judgment Act. The complaint alleges the following facts:

On March 26, 1962 defendant conveyed to A. E. Lundy all the merchantable timber on the 13.74 acre tract of land described in the deed and granted him the right to cut and remove it at any time within six months. Simultaneously with the delivery of the deed, Lundy gave defendant a check in the amount of $1,000.00 for the purchase price of the timber. On the following day, March 27, 1962, Lundy exhibited defendant's deed to the officers of the plaintiff who paid him $1,000.00 for the timber rights it conveyed. Lundy attempted to transfer these rights to the plaintiff by executing the following endorsement on the reverse side of the deed:

"March 27, 1962

"I, A. E. Lundy do hereby transfer this deed in its entirety to New Home Bldg. Supply Co., Inc., with the exception of pulp wood.

SEAL   A. E. Lundy

WITNESS   Alma W. Crumley"

Thereafter, on March 30, 1962, plaintiff caused the deed from defendant to Lundy to be recorded in the office of the Register of Deeds of Guilford County. Lundy's assignment to plaintiff was transcribed on the records with it.

Upon presentation for payment the check which Lundy gave to the defendant was dishonored, and it has not been paid. When plaintiff attempted to cut the timber defendant forbade its agents to go on the land and threatened criminal prosecution for trespass if they did. In consequence they desisted, and on May 14, 1962 plaintiff instituted this action to determine its rights under the purported transfer. Defendant demurred to the complaint on the grounds that (1) the assignment from Lundy to the plaintiff was insufficient to pass title to the timber in question and (2) the conveyance to Lundy was procured by fraud. On October 9, 1962 Judge Armstrong sustained the demurrer, and plaintiff appealed.

*Block, Meyland & Lloyd by Henry H. Isaacson for plaintiff appellant.*

*Hubert E. Seymour, Jr., and W. Marcus Short for defendant appellee.*

SHARP. J.　Standing timber is a part of the realty and can be conveyed only by an instrument which is sufficient to convey any other realty. *Chandler v. Cameron,* 229 N.C. 62, 47 S.E. 2d 528, 3 A.L.R. 2d 571. A conveyance of land can only be by deed. *Ward v. Gay,* 137 N.C. 397, 49 S.E. 884. The determinative question here is whether the endorsement on the back of the deed from defendant to Lundy meets the requirements for a valid conveyance.

Today in North Carolina, the word *deed* ordinarily denotes an instrument in writing signed, sealed, and delivered by the grantor whereby an interest in realty is transferred from the grantor to the grantee. *Ballard v. Ballard,* 230 N.C. 629, 55 S.E. 2d 316; *Strain v. Fitzgerald,* 128 N.C. 396, 38 S.E. 929; *Fisher v. Pender,* 52 N.C. 483; 16 Am. Jur., Deeds, § 5. A grantor, a grantee, and a thing granted are necessary requisites. *Powell v. Powell,* 168 N.C. 561, 84 S.E. 860. The description of the thing granted must identify the land or furnish the means of identifying it with certainty by reference to something extrinsic. *Peel v. Calais,* 223 N.C. 368, 26 S.E. 2d 916. However, it is the seal which distinguishes a deed from a simple contract. *Strain v. Fitzgerald, supra.* For the origin of sealing and the uses which have been made of it at different periods, see *Ingram v. Hall,* 2 N.C. 193.

An effective deed must, of course, contain operative words of conveyance which indicate the grantor's intention to convey his property.

16 Am. Jur., Deeds, § 49. The absence of such words cannot be supplied, *Pope v. Burgess*, 230 N.C. 323, 53 S.E. 2d 159, but the failure to use *technically* operative words will not usually defeat an intention which is plainly though not technically expressed. Ordinary words in common parlance may be effectively used, *Waller v. Brown*, 197 N.C. 508, 149 S.E. 687, and informality alone will not defeat an instrument which is intended to be a deed. *Armfield v. Walker*, 27 N.C. 580.

In *Cobb v. Hines*, 44 N.C. 343, in giving effect to the intention of the grantor in a most informal document, the Court said:

> "The deed under which the defendant claims, and by virtue of which he seeks to defeat the recovery of the plaintiff's lessor, is, as must be admitted, very informal. It is untechnical, ungrammatical, and totally at variance with all the recognized rules of orthography, and yet it may be valid, if 'there be sufficient words to declare clearly and legally the party's meaning.' 2 Black. Com. 298"

In *Linker v. Long*, 64 N.C. 296, Taylor conveyed land to Linker on November 6, 1852. Thereafter, on May 11, 1853, Linker redelivered the deed to Taylor with the following endorsement which he signed, but did not seal: "I transfer the within deed to W. F. Taylor again." In holding that the redelivery of the deed with the assignment on it did not amount to a conveyance, Pearson, C. J., said: "(T)he writing on the back of the deed was not sealed or delivered as a deed; and a defeasance by which to defeat a deed must be *by deed*. . .The only effect that can be allowed to this writing is, that it furnishes evidence of an agreement to reconvey, which a court of equity would enforce by a decree for specific performance, provided it be supported by a valuable consideration."

In *Tunstall v. Cobb*, 109 N.C. 316, 14 S.E. 28, Peter Hays conveyed land to Tunstall on March 6, 1886. "After the deed had been registered, the following endorsement purported to have been made: 'I relinquish all my right and title to the within deed. 10 March, 1874.' (Signed by Robert A. Tunstall and witnessed by James McHays.)" The deed was found in the papers of Peter Hays after his death. Speaking through Avery, J., the Court held (citing *Linker v. Long*, *supra*) that the writing endorsed upon the deed, being without a seal, could not operate as a reconveyance of the land by Tunstall no matter what was the real intention of the parties. It held further, however, that if the endorsement were made for a valuable consideration, it would support a decree for specific performance. Pertinent to the instant case are the following words of Justice Avery:

"There can be no doubt that the land referred to in the writing was that admitted to have been fully described in the deed, and its identity is as clearly ascertained as if the description in the deed had been copied in the endorsement. The quantity of interest that he intended to relinquish was all of his right and title in a piece of land that Peter Hays had conveyed to him in fee simple. *The physical connection between the deed and the memorandum is sufficient to make it valid, as the description of the subject-matter and of the quantity of interest, by the reference to the deed."* (Italics ours)

It is implicit in both of the preceding opinions that if the endorsement in question had been under seal it would have been sufficient as a deed.

The signature of the grantor on the endorsement under consideration in this case is preceded by a seal. It is, therefore, a sealed instrument. By reference to the deed on which it is written, the thing conveyed is made certain. It names a grantor and a grantee. Although it recites no consideration, and none is necessary between Lundy and the plaintiff, *Smith v. Smith,* 249 N.C. 669, 107 S.E. 2d 530, the demurrer admits that plaintiff paid Lundy $1,000.00 for the timber rights. The remaining question is, does the endorsement contain operative words of conveyance? The authorities answer YES.

In *Harlowe v. Hudgins,* 84 Tex. 107, 31 Am. St. Rep. 21, James Stephens executed a deed to John M. Graham, dated October 1841 and recorded August 7, 1844. On the same page of the record, following immediately after the deed, without any space or line intervening, the following was recorded: "Assignment. — I assine the within to Elizabeth Graham, for value received of her, the sum of fourteen hundred and sixty-three dollars and thirty-three cents, this April 11th, 1843. (Signed) J. M. Graham. (Test) Jacob Barnes, N. D. Graham." (Texas law required no seal.) Both deed and assignment were acknowledged before the same officer and on the same day; both were recorded in the same handwriting with the same pen and ink. There was but a single file mark on the record of the instruments. The trial judge refused to admit this assignment in evidence. The Supreme Court reversed, saying:

"The common law, which was also in force in this state at the date of this instrument, did not require the use of technical words in making a conveyance. The employment of words sufficient to show a purpose and intent to convey is all that was required, either by the statute or common law. No precise technical words

are required to be used in creating a conveyance; the use of any words which amount to a present contract of bargain and sale is all-sufficient. Whatever may be the inaccuracy of expression or the inaptness of the words used in an instrument, in a legal view, if the intention to pass the title can be discovered the courts will give effect to it and construe the words accordingly. The word 'assign' is defined, 'to make or set over to another; *to transfer*; as to assign property or some interest therein': 2 Bla. Com. 326; Black's Law Dict. 97. The word 'assignment' means, 'the act by which one person transfers to another or causes to vest in another his property, or an interest therein; the transfer or making over the estate, right, or title which one has in lands and tenements': Black's Law Dict. 97, 98; Burrill on Assignments, sec. 1 . . . If it be true that this instrument refers to the deed executed by James Stephens to Graham, or was written and indorsed on the deed (which are facts to be passed on by the jury), then the words, '*I assign the within,*' are effectual not only to pass the title to the paper upon which the deed from Stephens to Graham was written, but also to pass the title to the land described in the deed.*" (Italics ours)

The report of this case in 31 Am. St. Rep. is immediately followed by an annotation at page 26 which collects cases from other jurisdictions and declares the law to be as set out in the cases herein cited.

The word *transfer* has several times been held to be an operative word of conveyance:

"*Transfer* is a word commonly used to denote a passing of title in property usually realty or an interest therein from one to another." *Ex parte Okahara*, 191 Cal. 353, 216 P. 614.

"(T)he words 'assign and transfer' are sufficient to convey title." *Reagan v. Dugan*, 112 Ind. App. 479, 41 N.E. 2d 841.

"The word, then 'convey,' or 'transfer,' in a deed, is of equivalent signification and effect as *grant.*" *Lambert v. Smith*, 9 Or. 185.

"The words 'transfer' and 'assign' are not the usual operative words of a conveyance of real estate, but are sufficient to transfer title." (Quoting from the Syllabus by the Court) *Sanders v. Ransom*, 37 Fla. 457, 20 So. 530.

Although we do not approve this informal mode of attempting a conveyance of land — obviously the work of a layman — the authorities cited in this opinion constrain us to hold that as between Lundy and

the plaintiff it is a valid conveyance. We agree with Professor Mordecai, when he said in his lectures, Vol. II, p. 797, that it would be "a very pernicious thing for a lawyer to experiment with legal writings by endeavoring to see how informal he can make them and how far he can with safety depart from known and customary forms." He advised that in drawing all instruments the safe and intelligent lawyer would heed the warning language of Ruffin, C.J., in *Henry v. Henry,* 31 N.C. 278, 386, and of Blackstone in his Commentaries, 2 Black, 298.

The deed from defendant to Lundy has been duly recorded. However, according to the record before us, the informal conveyance from Lundy to plaintiff has not been. It has not been acknowledged under either G.S. 47-1, G.S. 47-12, or G.S. 47-13. Apparently it was transcribed on the records of Guilford County when the deed from defendant to Lundy was recorded. The registration of an improperly acknowledged or defectively probated deed imports no constructive notice and the deed will be treated as if unregistered. *King v. Mc-Rackan,* 168 N.C. 621, 84 S.E. 1027; *McClure v. Crow,* 196 N.C. 657, 146 S.E. 713. While the unregistered deed is good as between Lundy and plaintiff, *Patterson v. Bryant,* 216 N.C. 550, 5 S.E. 2d 849, it would pass no title to plaintiff as against creditors of Lundy whose liens are recorded prior to its registration. No notice will supply the want of registration of a deed. G.S. 47-18; G.S. 47-20; *Realty Co. v. Carter,* 170 N.C. 5, 86 S.E. 714.

There is no basis for defendant's second ground for demurrer. The allegation in the complaint is that plaintiff is a purchaser for value from Lundy. There is no allegation that its agents perpetrated any fraud on defendant or had any notice that Lundy had done so. *Cheek v. Squires,* 200 N.C. 661, 158 S.E. 198. The complaint reveals that defendant is a creditor of Lundy's to the extent of $1,000.00 The inference is strong that he secured the deed from her by fraud. However, there is no allegation that she has either reduced her claim against him to judgment or filed a *lis pendens* in an action against Lundy to set the deed aside for his fraud.

The judgment of the Superior Court sustaining the demurrer is
Reversed.