IN THE MATTER OF THE FORECLOSURE OF THE DEED OF TRUST OF NORWOOD L. MILLS AND WIFE, THELMA T. MILLS, GRANTOR, TO HENSON P. BARNES, TRUSTEE, AS RECORDED IN BOOK 888 AT PAGE 877 OF THE WAYNE COUNTY REGISTRY. SEE APPOINTMENT OF SUBSTITUTE TRUSTEE AS RECORDED IN BOOK 985 AT PAGE 877 OF THE WAYNE COUNTY PUBLIC REGISTRY

No. 838SC596

(Filed 5 June 1984)

**Mortgages and Deeds of Trust § 19.6; Principal and Agent § 6— order denying right to proceed with foreclosure—unauthorized signature on deed of trust**

There was no error in the trial court's denying the substitute trustee the right to proceed with foreclosure after default on a note where the wife's signature on the note was unauthorized, in that the husband directed his secretary to sign his wife's name to the instrument, and where the evidence may have been indicative of the wife's lack of concern over the unauthorized signing by her husband's secretary, but was insufficient to establish that she in fact ratified the signature.

APPEAL by mortgagee from *Winberry, Judge*. Judgment entered 7 January 1983 in Superior Court, WAYNE County. Heard in the Court of Appeals 5 April 1984.

In April of 1976, Horace Smith made the second of two loans to Norwood L. Mills and his wife, Thelma T. Mills. To secure payment of the loans, which totaled $91,300, Norwood Mills signed a note and deed of trust to Henson P. Barnes as trustee for Horace Smith. Mr. Mills directed his secretary, Gloria Best, to sign his wife's name to these instruments.

After the Mills defaulted on the note in 1980, J. Darby Wood, substitute trustee, began foreclosure proceedings on two of the five tracts of land described in the deed of trust. It was at this time that Thelma Mills first learned of the existence of the note and deed of trust to which Gloria Best had signed Mrs. Mills' name.

After the assistant clerk of Superior Court ordered the foreclosure to proceed at a hearing on 16 December 1980, Norwood and Thelma Mills filed separate notices of appeal. On 3 January 1983 the appeal from the clerk's order was heard *de novo* before the Honorable Charles B. Winberry, who, on determining that Thelma Mills had neither signed the instruments nor authorized anyone to sign for her, entered an order denying the substitute trustee the right to proceed with the foreclosure. From this order, Horace Smith, the holder of the note, appeals.

*Freeman, Edwards and Vinson, by George K. Freeman, Jr., for appellant.*

*William A. Dees, Jr., for appellee.*

ARNOLD, Judge.

Appellant contends that the trial court erred in denying the substitute trustee the right to proceed with foreclosure. He claims that Thelma Mills ratified her unauthorized signature on the note and deed of trust, thereby binding her to the terms of the instruments. We do not agree with this contention and affirm the order of the trial court.

North Carolina case law requires that for a deed to be effective it must be signed by the grantor. *New Home Building Supply Co. v. Nations,* 259 N.C. 681, 131 S.E. 2d 425 (1963). Since there is no dispute that Gloria Best signed Thelma Mills' name to the deed of trust in question, it is ineffective as a matter of law. Appellant's only chance of recovery would, therefore, come from a

---

---

finding that Mrs. Mills did, in fact, ratify her unauthorized signature.

Ratification has been defined as:

> . . . the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him. *Breckenridge, Ratification in North Carolina*, 18 N.C. L. R. 308 (1940).

The evidence which appellant contends shows that Thelma Mills ratified her signature is that: 1) Mrs. Mills had known Gloria Best for some length of time and believed that Mrs. Best had no bad intent or motive in signing her name, 2) Mrs. Mills had the power and capacity to sign the note and deed of trust herself, 3) Mrs. Mills had knowledge of the facts surrounding the transaction in question, 4) Mrs. Mills failed to repudiate the unauthorized signing after receiving knowledge of the transaction, 5) Mrs. Mills received substantial benefits from the transaction which she failed to return, 6) Mrs. Mills failed to take any action against Gloria Best after receiving knowledge of the unauthorized signing, and 7) Mrs. Mills knew of similar unauthorized signings of her name by Gloria Best. Although this evidence may be indicative of Thelma Mills' lack of concern over the unauthorized signings by Mrs. Best, we find that it is insufficient to establish that she in fact ratified the signatures.

"Ratification is not a matter to be presumed; it must be proved. And the burden of proof rests upon him who alleges it." *Lawson v. Bank*, 203 N.C. 368, 373, 166 S.E. 177, 180 (1932) (quoting 1 F. Mechem on Agency, § 479, at 352 (2d ed. 1914)). Moreover, parol evidence and subsequent acts purporting to show approval of an unauthorized act are generally held to be insufficient to establish ratification of the act. *See Davenport v. Sleight*, 19 N.C. 381 (1837).

After considering all the evidence, Judge Winberry determined that appellant had not met his burden of proof by his finding that "Thelma T. Mills did not ratify or otherwise approve the act of Gloria Debra Best Flowers in affixing the name of Thelma T. Mills to said deed of trust." North Carolina case law clearly dictates that findings by a trial judge sitting without a jury "are

conclusive on appeal if there is evidence to support them, even though the evidence might sustain findings to the contrary." *Williams v. Pilot Life Insurance Co.*, 288 N.C. 338, 342, 218 S.E. 2d 368, 371 (1975).

We conclude that the trial court was correct in its finding that Mrs. Mills did not ratify the signatures in question. The evidence relied on by appellant does not establish Thelma Mills' intent to actually *affirm* the unauthorized signatures, but only shows that she did not expressly disapprove of the signings. Deferring to the discretion of the trial court, we find that the order denying the trustee the right to proceed with foreclosure is

Affirmed.

Judges WELLS and BRASWELL concur.